652 P.2d 1226

**Kristie Claire MORGAN, a widow and Personal Representative of the Estate of Johnny Ray Morgan, Deceased, Plaintiff-Appellee,**

v.

**PUBLIC SERVICE COMPANY OF NEW MEXICO, Employer, purporting to be self-insured under the Workmen's Compensation Act of the State of New Mexico, Defendant-Appellant.**

No. 5588.

Court of Appeals of New Mexico.

Oct. 5, 1982.

Barbara Albin, Henry F. Narvaez, Keleher & McLeod, P.A., Albuquerque, for defendant-appellant.

Edward G. Parham, Michael E. Vigil, Albuquerque, for plaintiff-appellee.

## OPINION

WOOD, Judge.

This appeal involves attorney fees in a worker's compensation case. We discuss: (1) jurisdiction to award attorney fees; (2) an award of attorney fees based on unsuccessful efforts to obtain a lump-sum award; and (3) the amount of attorney fees awarded in connection with the death benefits.

*Jurisdiction*

Johnny Ray Morgan died from injuries received while at work on October 12, 1979; he fell into a transformer. An unexplained fall being involved, defendant was concerned with the cause of death. *See Luvaul v. A. Ray Barker Motor Company,* 72 N.M. 447, 384 P.2d 885 (1963). Defendant sought information as to the cause of death from the office of the medical investigator. Defendant "informed the plaintiff that we were awaiting the report of death to determine whether Mr. Morgan's death arose out

of his employment and we assured her that Public Service Company would abide by its obligations to her under the Workmen's Compensation Act if Mr. Morgan's death was job related." Plaintiff's attorney filed a compensation claim on November 26, 1979. Defendant received a report on November 28, 1979 which satisfied defendant's concerns as to cause of death.

On December 4, 1979 defendant orally offered to pay full compensation benefits to Mr. Morgan's dependents, and a tentative settlement was reached. Documents reflecting the tentative settlement were mailed to plaintiff's attorney on December 5, 1979. These documents included a stipulation that: (a) Mr. Morgan's death was compensable; (b) the widow and her minor child were the sole dependents; (c) the widow was the proper person to receive benefits for the minor child; (d) maximum compensation benefits were to be paid, together with funeral expenses provided by the compensation statute; and (e) the benefits were to be paid until further order of the court, subject to a 600-week maximum. A proposed judgment, consistent with the stipulation, was enclosed. An order appointing a *guardian ad litem* for the minor child was enclosed. A check for the funeral expenses was enclosed. The proposed judgment provided that plaintiff be awarded a reasonable attorney fee; the amount was to be set by the court.

Plaintiff declined to execute the settlement papers; instead, plaintiff sought, unsuccessfully, a lump-sum compensation award. Ultimately, judgment was entered, *nunc pro tunc,* as of December 4, 1979 in accordance with the tentative settlement reached on that date. There is no issue as to the propriety of entering the judgment *nunc pro tunc.* The judgment awarded plaintiff a "reasonable" attorney fee. After two hearings concerning the amount of the attorney fee, a judgment was entered awarding $5,000.00 as a fee.

It is not disputed that the claim for compensation benefits, filed on November 26, 1979, for a death occurring on October 12, 1979, was a proper claim and was not premature. Section 52–1–30(A), N.M.S.A.1978. Defendant paid accrued compensation benefits and has continued to pay compensation benefits; however, benefits were not paid until after the compensation claim had been filed in district court. It is not disputed that plaintiff failed to collect compensation benefits greater than what defendant offered to pay on December 4, 1979, more than thirty days prior to any court hearing. Under these circumstances, defendant contends that the trial court lacked jurisdiction to award any attorney fees. Defendant uses jurisdiction in the sense of power or authority to award attorney fees. *See Heckathorn v. Heckathorn,* 77 N.M. 369, 423 P.2d 410 (1967).

Section 52–1–54, N.M.S.A.1978, states that it is unlawful for an attorney to receive any fees, directly or indirectly, in connection with any compensation claim, except as hereinafter provided. Paragraphs C and D are the pertinent provisions. Paragraph C states that when the court's jurisdiction (over persons and subject matter— *Heckathorn* ) is invoked to approve a settlement of a compensation claim "the court shall determine and fix a reasonable fee for claimant's attorney * * *." Paragraph D states that when compensation to which a person is entitled is "refused and the claimant shall thereafter collect compensation through court proceedings in an amount in excess of the amount offered in writing by an employer thirty days or more prior to the trial by the court of the cause, then the compensation to be paid the attorney for the claimant shall be fixed by the court trying the same * * *."

Defendant asserts that plaintiff collected compensation through court proceedings. *See Rumpf v. Rainbo Baking Co.,* 96 N.M. 1, 626 P.2d 1303 (Ct.App.1981). It is undisputed that plaintiff did not collect compensation in an amount in excess of the amount offered in writing and that the written offer was more than thirty days before any court hearing concerned with the compensation benefits. Defendant relies on *Lee v. United States Fidelity & Guaranty Company,* 66 N.M. 351, 348 P.2d 271 (1960), which states: "Appellee offered the exact amount for which judgment was subsequently entered * * * and therefore the court had no

power under the statute to grant attorney fees."

■ The fallacy in defendant's contention is its assertion that the award of attorney fees was under § 52–1–54(D). Paragraph D, by its express wording, applies to compensation cases that are tried; this paragraph refers to "prior to the trial" and "the court trying the same". There has never been a trial in this case concerning the award of compensation benefits; defendant's answer admitted liability for maximum benefits. The only issue tried was the claim for lump-sum compensation and, in that, plaintiff was unsuccessful.

The judgment awarding compensation benefits recites that the judgment was based on a stipulation between plaintiff's attorney, defendant's attorney and the *guardian ad litem*. The findings in the judgment concerning compensability, dependency, and payment of compensation to the dependents, accord with the content of the stipulation drafted pursuant to the tentative settlement of December 4, 1979. The judgment was entered, *nunc pro tunc*, as of December 4, 1979.

The award of attorney fees to plaintiff was pursuant to a settlement of a compensation claim under § 52–1–54(C), and not after trial under § 52–1–54(D). Paragraph D is not applicable. The trial court had "power" to fix a reasonable attorney fee under Paragraph C. The trial court did not lack jurisdiction to award an attorney fee.

*Award of Attorney Fee for Unsuccessful Efforts to Obtain a Lump-Sum Award*

The trial court awarded $1,500.00 as an attorney fee "for the services to the Plaintiff in the unsuccessful pursuit of the lump sum claim."

In support of this award the trial court found that it was "reasonable and necessary for the Plaintiff to pursue the lump sum claim"; that "the issue of lump sum award was vigorously defended"; that "the issues with respect to lump sum were relatively complex"; that 75 percent of the attorney's "time in the case * * * was spent in pursuit of the lump sum claim"; and that plaintiff would have been better off, financially, if the lump-sum claim had been successful.

■ Where a demand for a lump-sum award has been refused and a claimant successfully obtains a lump-sum award in court proceedings, attorney fees may be awarded. *Livingston v. Loffland Brothers Co.,* 86 N.M. 375, 524 P.2d 991 (Ct.App. 1974). Although in obtaining a lump-sum award the claimant has not increased the amount of compensation to be paid, the claimant has obtained a benefit—the payment of compensation in a lump sum. *Mann v. Board of County Commissioners,* 58 N.M. 626, 274 P.2d 145 (1954).

Plaintiff recognizes that recovery of compensation or obtaining a benefit under the compensation statute is a prerequisite for an award of attorney fees. *Rayburn v. Boys Super Market, Inc.,* 74 N.M. 712, 397 P.2d 953 (1964); *Kendrick v. Gackle Drilling Company,* 71 N.M. 113, 376 P.2d 176 (1962); *Mann v. Board of County Commissioners.*

Plaintiff contends that she obtained a benefit and identifies that benefit as the determination that she was *not* entitled to a lump-sum award. This casuistry overlooks the requirement that the claim for compensation or benefits be successful. Plaintiff *recovered* nothing in pursuing the lump-sum award.

■ The attorney fee award based on the unsuccessful claim for a lump-sum award is erroneous because not authorized.

*Attorney Fee Award in Connection with the Death Benefits*

The trial court awarded $3,500.00 as an attorney fee "for services to the Plaintiff up to and including the preparation of a Judgment, but not including the work done on the lump sum claim." In this issue, another spawn of *Fryar I (Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718 (1979)), defendant challenges the propriety of this award. *See Schall v. Schall,* 97 N.M. 665, 642 P.2d 1124 (Ct.App.1982); *Jennings v. Gabaldon,* 97 N.M. 416, 640 P.2d 522 (Ct. App.1982); *Tafoya v. S & S Plumbing Co.,* 97 N.M. 249, 638 P.2d 1094 (Ct.App.1981); *Fryar II (Johnsen v. Fryar,* 96 N.M. 323, 630 P.2d 275 (Ct.App.1980)); *Lopez v. K.B. Ken-*

*nedy Engineering Co.,* 95 N.M. 507, 623 P.2d 1021 (Ct.App.1981); *Fitch v. Sam Tanksley Trucking Co.,* 95 N.M. 477, 623 P.2d 991 (Ct.App.1980); *Clymo v. United Nuclear Corp.,* 94 N.M. 214, 608 P.2d 526 (Ct.App. 1980).

The cases cited in the foregoing paragraph have been concerned with the meaning of *Fryar I* which identified factors "subject to consideration", required findings of fact concerning the attorney fee award and reiterated that the findings must have evidentiary support.

■ Some courts have viewed *Fryar I* as requiring a separate hearing, in effect a separate trial, on the issue of attorney fees. The result in some cases, and in this case, is that the question of the fee award has become the dominant aspect of the compensation proceedings. Defendant admitted liability for maximum compensation benefits; there were two hearings on the question of the fee award. A separate hearing is permissible, but is not required. *Tafoya; Lopez.*

■ *Fryar I* identified factors that were "subject to consideration". *Schall* and *Jennings* indicate that consideration of the *Fryar I* factors is mandatory. This has resulted in misunderstanding. *Fryar I* points out that the factors identified therein are relevant to a proper fee award. Thus, if there is any "evidentiary support" concerning a factor, *see Fryar I* and *Lopez,* it would be error for a trial court to· refuse to consider the evidentiary support directed to the factor. Consideration of a factor is mandatory only if there is evidentiary support for the factor. The trial court is not required to make a finding on a factor if there is no evidentiary support for the factor; thus, the trial court is not required to find a negative—that no evidence supports a fee award on the basis of Factor X.

■■ *Fitch* and *Fryar II* refer to a correlation between the factors and the findings. This also has resulted in misunderstanding. These being the first two appellate cases involving the application of *Fryar I,* the discussion was for the purpose of explaining the content of the *Fryar I* factors—what they meant. The findings were discussed in relation to the meaning of the factors. An appellate brief need not, as a matter of course, discuss each finding in relation to the factors; the relationship of a finding to a factor need only be discussed when it is claimed that a finding applies an erroneous meaning to a factor. Thus the trial court properly rejected plaintiff's claim that the fee award should be a percentage of the recovery because that is not the meaning of the factor—fees normally charged in the locality for similar legal services. *See Fryar II.*

Counsel in this case, commendably, have avoided the misunderstandings discussed in the two preceding paragraphs. There is no claim that the trial court failed to make a finding as to each factor and no claim that the trial court failed to correlate its findings to the factors.

The challenges to the propriety of the award are traditional ones—that there is a lack of evidentiary support for findings made and, in light of the evidence, the failure to make a requested finding was error.

The trial court found that it was reasonable and necessary for plaintiff to employ counsel and to file suit. These findings are not challenged. Plaintiff, incorrectly, argues that these findings impliedly negate the trial court's refusal to make a finding in connection with defendant's settlement offer. Findings concerning employment of counsel and the filing of suit do not dispose of the refused finding, which we discuss subsequently.

The trial court found that plaintiff was successful in getting judgment for full benefits; it also found that defendant admitted liability and that the issue of death benefits was not contested after suit was filed. The pleadings are substantial evidentiary support for these findings.

The trial court found that issues with respect to the death claim were not complex; of course not, the issues were not contested. ·

The trial court found that the present value of the compensation award was $67,-000.00. This was stipulated.

The foregoing findings are the only findings supporting the fee award. We do not consider whether these findings would support an award in the amount of $3,500.00, because the award is also based on erroneous findings.

■ The trial court found that plaintiff's attorney was able, skilled and experienced. Defendant refers us to evidence to the effect that the attorney's handling of this case was neither able nor skilled. No evidence was introduced supportive of the finding, the trial court neither judicially noticed the matter covered by the finding nor indicated that the finding was based on its personal knowledge. The finding lacks evidentiary support.

The trial court found that plaintiff's attorney spent enough time on the case to justify an award of $6,500.00 on a time basis, but approximately 75 percent of this time was spent in pursuit of the lump-sum claim. There is no testimony as to the time spent by the attorney. The trial court had personal knowledge, see Fryar II, of "court time", but this went primarily to the lump-sum claim. Plaintiff's attorney relies on his letter to the trial court which refers to court hearings, interrogatories, two depositions and the filing of suit. Matters related to the lump-sum claim are not relevant because the claim was unsuccessful. The relevant items are the filing of suit, the deposition concerning to whom the child's benefits should be paid, the court appearance for entry of judgment, and the court appearances concerning the amount of the attorney fees. How much time this involved, we do not know; evidentiary support is lacking as to time sufficient to justify an award amount of 25 percent of $6,500.00.

The trial court found that the fee "customarily charged in the locality for similar legal services is $5,000 to $10,000 for the death claim alone, when it is settled without trial." There is no evidence to support this finding.

The trial court found that the cost of living is rising at an annual rate of 10 percent and has been for ten years. There is no evidence to support this finding.

The trial court found that "considering" the Fryar I factors, a reasonable fee up to and including the judgment was $3,500.00. This generalized "finding" tells us nothing as to the basis for the amount awarded and is insufficient in that we have no basis for performing our reviewing function. Fryar I.

In connection with the findings lacking evidentiary support, plaintiff attacks the deficiency of defendant's evidence. This is an incorrect approach. It is plaintiff's burden to produce evidentiary support for a fee award. Fryar II.

The trial court refused defendant's requested finding concerning defendant's offer of settlement on December 4, 1979. The evidence that defendant offered maximum benefits on that date is uncontradicted. Judgment was eventually entered, by stipulation, consistent with the settlement offer. This evidence being uncontradicted, the trial court erred in refusing to make any finding concerning the settlement offer.

Because the award is based on erroneous findings and because the trial court refused to find concerning the settlement offer, the $3,500.00 award is reversed.

The award of a fee for $1,500.00 in unsuccessfully pursuing a lump-sum award is reversed and is not to be further considered because such an award is not authorized.

The award of a fee for $3,500.00 in connection with the death benefits is reversed because of findings lacking evidentiary support and because of the erroneous refusal to find concerning the settlement offer. The question of a fee award for the death benefits is remanded to the trial court for entry of an award based on the findings, identified above, which support a fee award and upon the finding the trial court is to make concerning the settlement offer. The award is to be based on the present record, new evidentiary matters are not to be considered.

Plaintiff has successfully defended against defendant's claim that the trial court lacked the authority to award attorney fees. Plaintiff has not been successful

in defending the fees awarded. On the basis of the first item, plaintiff is awarded $500.00 for the services of her attorney on appeal.

IT IS SO ORDERED.

LOPEZ and NEAL, JJ., concur.