669 P.2d 739

Karen MERRIFIELD, Individually and as Next Friend of Matthew, Jamin, and Aaron Merrifield, Plaintiffs-Appellees,

v.

AUTO–CHLOR SYSTEM OF ALBU-QUERQUE, Reliance Insurance Company, and Reliance Insurance Company of Illinois, Defendants-Appellants.

No. 7122.

Court of Appeals of New Mexico.

Aug. 30, 1983.

E. Douglas Latimer, Holly A. Hart, Spann, Latimer & Hollowwa, Albuquerque, for plaintiffs-appellees.

Carlos G. Martinez, Shaffer, Butt, Thornton & Baehr, P.C., Albuquerque, for defendants-appellants.

## OPINION

BIVINS, Judge.

Following the award of death benefits to plaintiffs in a workmen's compensation action, the widow and children of Robert Keith Merrifield petitioned the trial court for a lump-sum award. The court initially ruled the widow entitled to a lump-sum award by reason of remarriage, see NMSA

1978, § 52–1–46(C)(4), but denied it as to the children. On rehearing the court changed its ruling and granted the children lump-sum award. Defendants appeal only the award in favor of the children. We reverse.

The trial court found that the children and the widow live in a home owned and maintained by the widow and her present husband who enjoys a current substantial income. The children have no extraordinary medical problems. The lump-sum sought could be invested in a conservative trust account which would generate income of $500 per month, and at the end of 600 weeks the entire principal balance would be available for the children. Based on these findings the court concluded that it "is in the best interest of the minor children and the parties to award a lump-sum payment for the remainder of the benefits payable to the children by reason of their absence of present need for the total sum on a weekly or monthly basis and by reason of their ability to invest the lum sum [sic] which is discounted at a rate of 5% at a rate far greater to generate total maximum benefits for the children well in excess of the sum total which would be paid out on a weekly basis." The court expressly conditioned the award on the establishment of an irrevocable trust which permitted payment only for the support, education and medical care of the children, allowing an invasion of the principal only in the event of extraordinary or unusual circumstances or need. The mother agreed to this condition.

The issue on appeal is whether the trial court abused its discretion in awarding a lump-sum payment based on these findings.

■ NMSA 1978, § 52–1–30(B) authorizes a lump-sum award following a death if it is in the "best interests" of the persons entitled to compensation. "The award of a lump sum, rather than periodic payments, in a worker's compensation action is the exception rather than the rule." *Boughton v. Western Nuclear, Inc.*, 99 N.M. 723, 663 P.2d 382 (Ct.App.1983). The petitioner for a lump-sum award has the burden of showing that granting the award would serve his best interests, and that failure to award a lump-sum would create a *manifest hardship* where relief is essential to 1) protect the claimant and his family from want or privation; 2) facilitate the production of income for the claimant; or 3) help the claimant in a rehabilitation program. *Padilla v. Frito-Lay, Inc.*, 97 N.M. 354, 639 P.2d 1208 (Ct. App.1981). Plaintiff relies only on the second criterion.

■ The narrower question under the facts in this case is whether the term "to facilitate the production of income" means maximizing return on investment. We hold it does not.

■ The purpose of the Workmen's Compensation Act is remedial in nature, and the interests of the claimant and the public are paramount. Generally, a recipient's best interests will be served by the payment of compensation in regular periodic payments. To prevent the claimant from being on the welfare rolls is a part of the legislative scheme. *Codling v. Aztec Well Servicing Co.*, 89 N.M. 213, 549 P.2d 628 (Ct.App. 1976).

■ Because lump-sum awards represent a departure from this important rule, they should be granted only when exceptional circumstances justify a departure. *Lamont v. New Mexico Military Institute*, 92 N.M. 804, 595 P.2d 774 (Ct.App.1979). The facts presented here do not warrant departure. To hold otherwise would necessarily require lump-sum awards in almost every case, since it could be argued that any return on the investment of the award would result in or "facilitate the production of income." Thus, the exception would consume the rule. *Boughton* is an example where a lump-sum award would likely facilitate the production of income.

In her petition for rehearing before the trial court plaintiff relied on *Livingston v. Loffland Brothers Co.*, 86 N.M. 375, 524 P.2d 991 (Ct.App.1974), which upheld a lump-sum award where the widow wished to invest a portion of the award and would not use that portion until it was needed for her child. Had that been the only, or even

the primary consideration, plaintiffs' argument might be more persuasive. However, in *Livingston,* the widow and her son were living with her father and she wanted the money to purchase land and a trailer for herself and her son. Those factors are missing here. The children here do not require protection from want or privation.

In *Codling v. Aztec Well Servicing Co.,* after citing cases where the award of lump-sum benefits had been granted and those where it had been denied, we recognized that each case must stand or fall on its own merits. In those cases in which a lump-sum award has been allowed "a certain factual situation has emerged which, by its quantum and quality of evidence, has convincingly portrayed the existence of *exceptional circumstances.*" *Id.* 89 N.M. at 216, 549 P.2d 628 (Emphasis added.) The case before us lacks that type evidence.

The order awarding lump-sum payment to the plaintiff for her children is reversed. No attorney fees are awarded on this appeal.

IT IS SO ORDERED.

WOOD and HENDLEY, JJ., concur.