695 P.2d 483

**Rosalie WOODSON, Widow of J.O. Woodson, Jr., Deceased, Plaintiff-Appellee,**

**and**

**Andrew Stewart Woodson, Plaintiff-Intervenor-Appellee,**

**v.**

**PHILLIPS PETROLEUM COMPANY and its workmen's compensation carrier, if any, Defendants-Appellants.**

**No. 15689.**

Supreme Court of New Mexico.

Feb. 20, 1985.

Rodey, Dickason, Sloan, Akin & Robb, Kenneth J. Ferguson, Albuquerque, Kenneth Heady, C.J. Roberts, Bartlesville, Okl., George Terry, Albuquerque, for defendants-appellants.

Stout & Stout, Lowell Stout, Hobbs, Templeman & Crutchfield, C. Barry Crutchfield, Lovington, Sarah M. Singleton, Santa Fe, for appellees.

## OPINION

FEDERICI, Chief Justice.

The Court of Appeals has certified this workmen's compensation case to this Court pursuant to NMSA 1978, Section 34-5-14(C)(2) (Repl.Pamp.1981), which provides for certification to the Supreme Court of matters that involve issues of "substantial public interest that should be determined by the supreme court." The appeal presents two issues: whether the award by the trial court to one of the two claimants of a lump sum payment, rather than periodic payments, was proper; and whether the attorney fees awarded to the claimants' attorneys are excessive. Certification of this case was prompted because the Court of Appeals felt that there exists some confusion on the status of the law relating to the setting of attorney fees. We discuss (1) the issue of the lump sum payment, and (2) the standards to be applied by the trial courts in fixing the amount of attorney fees to be properly allowed in workmen's compensation cases.

## I. LUMP SUM AWARD

The trial court awarded a lump sum payment, rather than periodic payments, to Andrew Woodson, who is the dependent son of the deceased workman and was the plaintiff-intervenor below (plaintiff-intervenor). The defendant-appellant, Phillips Petroleum Company (defendant), challenges the lump sum award, pointing out that lump sum awards in workmen's compensation cases are "the exception rather than the rule." *E.g., Boughton v. Western Nuclear, Inc.*, 99 N.M. 723, 724, 663 P.2d 382, 383 (Ct.App.1983).

The statute which authorizes lump sum awards, NMSA 1978, Section 52-1-30(B), provides that awards may be in the form of a lump sum when it is in "the best interests" of the claimant. The cases make clear, however, that lump sum payments are justified only when "exceptional circumstances" exist. *Merrifield v. Auto-Chlor System of Albuquerque*, 100 N.M. 263, 264, 669 P.2d 739, 740 (Ct.App.1983). The claimant seeking a lump sum award has the burden of showing that failure to award a lump sum would create a *"manifest hardship"* where relief is essential to (1) protect the claimant ... from want or privation; (2) facilitate the production of income for the claimant; or (3) help the claimant in a rehabilitation program." *Id.* (Emphasis in original.) *See also Padilla v. Frito-Lay, Inc.*, 97 N.M. 354, 639 P.2d 1208 (Ct.App.1981). Regarding the second of these criteria, defendant correctly points out that it is not enough that a lump sum award will allow a claimant to maximize return on investment. If that were a justification for lump summing it would apply in almost every case, and the exception would swallow the rule. *Merrifield.*

In the instant case, however, it is clear that the trial court awarded a lump sum payment not only for investment purposes, but also to insure that plaintiff-intervenor could meet exceptional medical expenses. The evidence shows that plaintiff-intervenor suffers from severe mental illness, and will require medication and psychiatric care for the indefinite future. Plaintiff-intervenor has been hospitalized in the past and will probably require hospitalization, and possibly institutionalization, in the future. "[A] precise enumeration of what factual ingredients constitute special circumstances is impossible"; the propriety of a lump sum award in each case "stands or falls on its own merits." *Codling v. Aztec Well Servicing Co.*, 89 N.M. 213, 216, 549 P.2d 628, 631 (Ct.App.1976). In the instant case, by the very nature of plaintiff-intervenor's illness his future expenses defy precise determination, but his

medical situation can fairly be termed "extraordinary." *Merrifield*, 100 N.M. at 264, 669 P.2d at 740. The trial court acted within its discretion in awarding a lump sum to plaintiff-intervenor. The trial court's judgment is affirmed on this issue.

## II. ATTORNEY FEES

The trial court awarded $8,500 in attorney fees to plaintiff-intervenor and $9,500 in attorney fees to the plaintiff, Rosalie Woodson (plaintiff), who is the widow of the deceased workman. Plaintiff and plaintiff-intervenor were represented by separate counsel. Defendant argues that these attorney fees are excessive, especially since defendant, prior to trial, admitted liability for the maximum amount of compensation benefits, so that the only issues contested at trial were the propriety of a lump sum payment to plaintiff-intervenor and the attorney fees themselves. Defendant also argues that some of the trial court's findings lack evidentiary support, and that the trial court failed to make any findings at all on other issues which the trial court must consider in setting attorney fees. *See Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979) (hereinafter referred to as *Fryar I*); *Jennings v. Gabaldon*, 97 N.M. 416, 640 P.2d 522 (Ct.App.1982).

The statute which authorizes the practice of awarding attorney fees to workmen's compensation claimants, NMSA 1978, Section 52–1–54, provides that the court shall fix the amount of the fee, and in determining a reasonable fee the court must consider certain factors. The portions of Section 52–1–54 which are applicable to the case before us provide as follows:

C. in all cases where the jurisdiction of the court is invoked to approve a settlement of a compensation claim under the Workmen's Compensation Act and the claimant is represented by an attorney, the total amount paid or to be paid by the employer in settlement of the claim shall be stated in the settlement papers and the court shall determine and fix a reasonable fee for claimant's attorney, taking into account any sum or sums previously paid and the fee so fixed by the court shall be taxed as a part of the costs of such proceeding against the employer and shall be the limit of the fee received or to be received by said attorney in connection with the claim;

D. in all cases where compensation to which any person shall be entitled under the provisions of the Workmen's Compensation Act shall be refused and the claimant shall thereafter collect compensation through court proceedings in an amount in excess of the amount offered in writing by an employer thirty days or more prior to the trial by the court of the cause, then the compensation to be paid the attorney for the claimant shall be fixed by the court trying the same or the supreme court upon appeal in such amount as the court may deem reasonable and proper and when so fixed and allowed by the court shall be paid by the employer in addition to the compensation allowed the claimant under the provisions of the Workmen's Compensation Act; provided, however, that the trial court in determining and fixing a reasonable fee must take into consideration:

(1) the sum, if any, offered by the employer:

(a) before the workman's attorney was employed; and

(b) after the attorney's employment but before court proceedings were commenced; and

(c) in writing thirty days or more prior to the trial by the court of the cause; and

(2) the present value of the award made in the workman's favor; * * *

In an effort to provide trial courts with "more definitive guidelines" to determine reasonable attorney fees, this Court in *Fryar I* supplemented these statutorily imposed considerations with several additional considerations, which have become known as the *"Fryar* factors":

[I]n addition to the statutory requirements, the following factors are subject to consideration: [1] the chilling effect of miserly fees upon the ability of an in-

jured workman to obtain adequate representation; [2] the time and effort expended by the attorney; [3] the extent to which the issues were contested; [4] the novelty and complexity of the issues involved; [5] the fees normally charged in the locality for similar legal services; [6] the ability, experience, skill and reputation of the attorney; [7] the relative success of the workman in the court proceeding; [8] the amount involved; and [9] the rate of inflation.

93 N.M. at 488, 601 P.2d at 721.

It is now clear, however, that notwithstanding any additional guidance provided in *Fryar I,* that case also caused some confusion about the standards to be applied, and this has encouraged additional litigation over attorney fees in workmen's compensation cases. This has contributed to the present situation in which hearings on attorney fees sometimes last longer than hearings on the workmen's benefits, and a substantial number of appeals are being heard which deal solely with the issue of attorney fees. This increased litigation also is defeating one of our main purposes in attempting to fix attorney fees at a reasonable level, which is to avoid excessive legal costs and thereby avoid unduly burdening employers and their insurers. *See Fryar I,* 93 N.M. at 486, 601 P.2d at 719.

In retrospect, it appears that one problem originated not in *Fryar I* itself as much as in the interpretation placed upon *Fryar I* in *Johnsen v. Fryar,* 96 N.M. 323, 630 P.2d 275 (Ct.App.1980), *cert. quashed,* 96 N.M. 543, 632 P.2d 1181 (1981) (*Fryar II*). In *Fryar II,* the Court of Appeals expressly prohibited trial courts from basing their award of attorney fees on a percentage of the workman's recovery. 96 N.M. at 328, 630 P.2d at 280. The trial court in *Fryar II* had taken judicial notice of a custom of awarding an attorney fee of 20% of the workman's recovery, in cases which were tried. The Court of Appeals stated that such a custom is "contrary to law. Accordingly, this custom *contributes nothing* in support of the fee awarded."

*Id.* (Emphasis added.) The *Fryar II* court thus completely prohibited a percentage-based method of establishing attorney fees because, it said, there is no authority for the procedure either in *Fryar I* or in NMSA 1978, Section 52-1-54.

◼ The statement of the Court of Appeals in *Fryar II* is an oversimplification of what was meant to be accomplished by the statute and *Fryar I.* Section 52-1-54 does not fix attorney fees at any specific percentage of the benefits awarded to the workman. The statute requires, however, that in fixing a reasonable attorney fee the court consider the "present value of the award made in the workman's favor." NMSA 1978, § 52-1-54(D)(2). Since this is one of only two factors that the statute prescribes must be considered—the other being the amount of any settlement offer and the stage of the proceeding at which the settlement offer was made—it is quite clear that the value of the workman's award should be a factor in setting an attorney fee. *Fryar I* confirms this by stating that the "relative success of the workman in the court proceeding" and "the amount involved" are to be considered by the court. 93 N.M. at 488, 601 P.2d at 720. Clearly, then, according to Section 52-1-54 and *Fryar I,* a trial court is not to base attorney fees purely upon some percentage of the workman's recovery, but neither is a trial court *prohibited* from using a percentage of the recovery as a factor in its determination of what shall constitute a reasonable fee.

To completely prohibit a percentage-based method of setting attorney fees also seems unwise from a practical point of view. *Fryar II* abandoned "one of the most time honored and traditional methods of setting attorneys' fees." Kelly, *Workmen's Compensation, Survey of New Mexico Law: 1981-82,* 13 N.M.L.Rev. 495, 497 (1983). In so doing it left trial courts and litigants without any benchmark, or rule of thumb, by which to measure the basic reasonableness of an attorney fee. In the absence of some general guideline, almost any attorney fee that is granted is legiti-

mately appealable as either too large or too small.

The amount of the award to the workman must not be the sole inquiry of a court in setting the attorney fee. Courts must still take into consideration the other statutory and *Fryar* factors in fashioning their award of an attorney fee. We now hold, however, that it is proper for a trial court to consider the amount of the compensation award, and to use a percentage of that award as one factor, along with the requirements of Section 52-1-54 and the *Fryar* factors, in arriving at a proper attorney fee. To the extent that *Fryar II* holds, or may be construed to hold, that this is prohibited, *Fryar II* is hereby expressly overruled.

We decline to set attorney fees at any specific percentage of the workman's recovery. For one thing, the Legislature did not do so when it enacted NMSA 1978, Section 52-1-54. Also, we do not wish to inhibit trial courts from exercising their discretion to enlarge or reduce attorney fees in accordance with all of the statutory and *Fryar* factors. Finally, bearing in mind that our ultimate aim is to insure adequate representation of workmen's compensation claimants and yet avoid excessive legal fees, *Fryar I*, 93 N.M. at 486, 601 P.2d at 719, we note that a percentage-based method of awarding attorney fees may break down in cases in which the workman's recovery is unusually large or unusually small. If the workman's injury is very slight, yet legitimately compensable, a given percentage of his award may be totally inadequate to fairly compensate his attorney, while the same percentage of a very large award may be excessive as an attorney fee. Attorney fees in workmen's compensation cases will necessarily vary from case to case.

We do wish to provide the trial courts with a general guideline, which will serve them except in extraordinary cases. We note first that in those jurisdictions in which·attorney fees are set by the workmen's compensation act at some percentage of the workman's recovery, the man-

dated percentage generally ranges from 10% to 20%. 2 S. Speiser, *Attorney Fees* § 14:198, at 271–72 (1973). In the instant case, plaintiff points out that the fee awarded to her attorney is 10.7% of the present value of her recovery and that such a fee is in line with the fees set in *Maschio v. Kaiser Steel Corp.*, 100 N.M. 455, 672 P.2d 284 (Ct.App.), *cert. denied*, 100 N.M. 439, 671 P.2d 1150 (1983) (8% of recovery); *Fitch v. Sam Tanksley Trucking Co.*, 95 N.M. 477, 623 P.2d 991 (Ct.App.1980) (6% of recovery); and *Fryar II* (7% of recovery). New Mexico courts have also awarded fees in the neighborhood of 20% in other cases. *Elsea v. Broome Furniture Co.*, 47 N.M. 356, 143 P.2d 572 (1943) (attorney fee "somewhat" less than 25% of recovery); *Sena v. Continental Casualty Co.*, 97 N.M. 753, 643 P.2d 622 (Ct.App.1982) (17% of recovery); *Gallegos v. Duke City Lumber Co.*, 87 N.M. 404, 534 P.2d 1116 (Ct. App.1975) (15% of recovery); *Salazar v. Kaiser Steel Corp.*, 85 N.M. 254, 511 P.2d 580 (Ct.App.), *cert. denied*, 85 N.M. 229, 511 P.2d 555 (1973) (18% of recovery). A review of all these cases shows that the disparity between those granting larger attorney fees, relative to the size of the workmen's recoveries, and those granting smaller attorney fees, is accounted for by other factors, especially the complexity of the cases and the extent to which the defendant in each case contested the issues. Those in which smaller attorney fees were granted were relatively simple cases, involving few contested issues. Those cases awarding larger attorney fees were more complex, more novel, or more fully contested. All these cases, therefore, establish a useful range for the trial courts to bear in mind in awarding attorney fees in workmen's compensation cases.

**A. Plaintiff's Attorney Fee**

In the present case, defendant admitted liability in its answer to plaintiff's complaint and offered to pay compensation at the maximum rate. Plaintiff accepted the offer prior to trial so that the only issue as to plaintiff which was not settled

out of court was the question of attorney fees. Of course, an attorney is entitled to adequate compensation for work necessarily done on a case even if that case is settled before trial; that is what is envisioned by NMSA 1978, Section 52–1–54(C). In this case the trial court awarded plaintiff an attorney fee of $9,500, which equals 10.7% of the present value of plaintiff's recovery of benefits. Because the case was settled and therefore falls under Paragraph (C) of Section 52–1–54, the factors which are set out in Paragraph (D) are obviously inapplicable, but the various factors set out in *Fryar I* remain applicable and must be considered.

 Defendant's first argument in urging that the fee be reversed or reduced is that the trial court erred in not making findings on *every Fryar* factor. *Fryar I* held only that the factors it established are "subject to consideration" by the court when awarding attorney fees. 93 N.M. at 488, 601 P.2d at 721. In *Jennings v. Gabaldon*, 97 N.M. 416, 640 P.2d 522 (Ct.App. 1982), the Court of Appeals interpreted that language to mean that the trial court must enter findings on each of the *Fryar* factors, and that failure to do so is reversible error. In a later case, *Morgan v. Public Service Co. of New Mexico*, 98 N.M. 775, 652 P.2d 1226 (Ct.App.1982), on the other hand, a different panel of the Court of Appeals held that it is necessary to make a finding concerning a particular factor only if evidence has been presented relating to that factor. *See also Salazar v. Pioneer Paving Inc.*, 99 N.M. 744, 663 P.2d 1201 (Ct.App.1983). We believe that *Morgan* states the better rule regarding the necessity for findings. The trial court need make findings only on those factors on which the parties have presented evidence. To the extent that *Jennings* holds otherwise, it is hereby overruled.

 *Jennings* also indicates that a statement of counsel which is not under oath does not provide a proper evidentiary basis for a finding by the court, unless the statement is stipulated to by opposing counsel. In the instant case the basis for

the trial court's finding that plaintiff's attorney spent approximately 50 hours on the case was the attorney's unsworn, uncorroborated statement to that effect. We hold that whether such a statement of counsel is sworn or not goes to the weight which should be accorded the statement, and not to its admissibility. Lawyers are officers of the court and are always under an obligation to be truthful to the court. NMSA 1978, Code Prof.Resp.R. 1–102(A)(3), 7–102(A)(5) (Repl.Pamp.1982). The fact that counsel's statement in this case was not under oath should, like the fact that it was not corroborated by other evidence, affect the weight with which the statement is taken, but it does not make the statement an improper basis for a finding.

 We disagree also with the implication in *Fryar II* that the trial judge is precluded from taking judicial notice of some or all of the factors outlined in *Fryar I*. In most instances, a lawyer's skill, ability, experience and standing in the legal community, and the rising cost of living, as well as the other factors of *Fryar I*, fall well within the purview of NMSA 1978, Evid.Rule 201(b) (Repl.Pamp.1983) relating to the kinds of facts that may be judicially noticed. In such cases, judicial notice of those facts would greatly reduce and probably eliminate the recent unacceptable trend in workmen's compensation suits to conduct separate mini-trials on the sole issue of attorney fees.

 Reviewing the record and the findings made in this case, we conclude that the trial court properly considered the *Fryar* factors and acted within its discretion in awarding plaintiff's attorney fee. The case was, in summary, relatively simple and routine, and was settled before trial. The only evidence as to the amount of time spent by plaintiff's counsel was counsel's unsworn statement. The attorney fee awarded by the trial court equals 10.7% of plaintiff's recovery, which is well within the parameters that we have established as generally appropriate for attorney fees in workmen's compensation cases. Accordingly, we will not disturb the trial

court's judgment on this point, and we affirm plaintiff's attorney fee.

## B. Plaintiff-Intervenor's Attorney Fee

■ Plaintiff-intervenor's case reached trial only on the issue of whether plaintiff-intervenor was entitled to a lump sum payment, and on the question of attorney fees. Plaintiff-intervenor prevailed at trial on the lump sum issue, and this Court has affirmed that decision herein. The trial court awarded plaintiff-intervenor an attorney fee of $8,500, which equals about 21% of plaintiff-intervenor's $40,539 recovery of benefits. This is at the upper end of the range that we have regarded in other workmen's compensation cases as permissible for attorney fees.

In this case, we conclude that the fee awarded was within the discretion of the trial court, based upon the principles announced in this case. Defendant's argument that the fee must be reversed because the trial court did not make findings on every *Fryar* factor has been discussed, and rejected, above in our consideration of plaintiff's attorney fee. We also reject defendant's argument that those findings that were made by the trial court do not support a fee this large. It is true that the lump sum issue was the only issue which was contested. There is substantial evidence, however, to support the trial court's finding that the issue was complex, and it is not disputed that plaintiff-intervenor's attorney spent 37 hours on the case. It is clear that the award of a lump sum payment, as opposed to periodic payments, represents a substantial benefit for the claimant. *Morgan v. Public Service Co. of New Mexico*, 98 N.M. 775, 652 P.2d 1226 (Ct. App.1982). Considering all these factors, we affirm plaintiff-intervenor's fee of $8,500.

## CONCLUSION

We affirm the trial court's award of a lump sum payment to plaintiff-intervenor. The attorney fees awarded to plaintiff and plaintiff-intervenor are also affirmed.

On appeal, plaintiff and plaintiff-intervenor jointly filed one answer brief. We

award plaintiff and plaintiff-intervenor a total attorney fee of $2,500 for the services of their attorneys on appeal.

IT IS SO ORDERED.

SOSA, S.J., and WALTERS, J., concur.