697 P.2d 116

BOARD OF EDUCATION OF the ESPA-
NOLA MUNICIPAL SCHOOLS, Em-
ployer, and Mountain States Mutual
Casualty Company, Insurer, Petition-
ers,

v.

Catherine QUINTANA, Respondent.

No. 15596.

Supreme Court of New Mexico.

Feb. 27, 1985.

Rehearing Denied March 27, 1985.

Lourdes A. Martinez, Campbell & Black, Santa Fe, for petitioners.

William H. Burden, Jr., Santa Fe, for respondent.

## OPINION

FEDERICI, Chief Justice.

Respondent, Catherine Quintana (respondent), brought this workman's compensation action in Santa Fe District Court against petitioners, the Board of Education of the Espanola Municipal Schools and the Board's insurer, Mountain States Mutual Casualty Company (petitioners), to recover benefits for an injury she sustained while employed as a teacher with the Espanola municipal schools. The trial court found for respondent and awarded her $12,509.35 for unpaid medical expenses incurred as a result of the injury, $2,915.08 for 14.5 weeks of total disability, and $40.20 per week for a 20% partial disability not to exceed 585.5 weeks or until further order of the trial court. The trial court also ordered petitioners to furnish all reasonable surgical, medical, and hospital services necessary for the continued treatment of respondent's injury and awarded respondent attorney fees of $20,000.

Petitioners appealed the attorney fees award to the Court of Appeals contending that it was excessive and that the trial court failed to apply the appropriate standards in determining the fees. Finding no error, the Court of Appeals affirmed the trial court. We granted certiorari to consider the propriety of the amount of the attorney fees in light of our recent opinion, *Woodson v. Phillips Petroleum Co.*, 102 N.M. 333, 695 P.2d 483 (1985). We reverse the Court of Appeals and the trial court.

Upon conclusion of the trial, the trial court entered judgment for respondent and awarded respondent attorney fees in the amount of $5,000. Respondent filed a motion to set aside the judgment and for a new trial, and a motion to amend the trial court's findings of fact, arguing in part that the attorney fees award was invalid, because the court had not received evidence as required by *Johnsen v. Fryar*, 96 N.M. 323, 630 P.2d 275 (Ct.App.1980), *cert. quashed*, 96 N.M. 543, 632 P.2d 1181 (1981). After subsequently receiving memoranda from petitioners and respondent, the trial court entered an amended judgment which increased the attorney fees to $20,000.

In his memorandum to the trial court on attorney fees, respondent's attorney presented argument on the statutory considerations required by NMSA 1978, Section 52-1-54(D) and on each of the factors specified in *Fryar v. Johnsen*, 93 N.M. 485, 601 P.2d 718 (1979). He stated that he had expended 192 hours on this case, that eight depositions had been taken, that interrogatories had been filed, and that he had to review medical records and resist petitioners' summary judgment motion. The trial took two days and respondent introduced the testimony of seven witnesses and over thirty exhibits.

The trial court found that the issues were many and vigorously contested, that the case was complex with novel issues, and that the "approximately 200 hours" expended by respondent's attorney were reasonable. The trial court also noted the inflation rates, the relative skill of respondent's attorney, and that the fees usually charged in the community vary from $75 to $100 per hour, with respondent's attorney normally charging $80 per hour. The trial court did not make a finding on the present value of respondent's award, but instead itemized payments to date and commented that "plaintiff's future compensation benefits are not presently capable of being calculated."

In *Woodson v. Phillips Petroleum Co.*, 102 N.M. 333, 695 P.2d 483 (1985), we held that a percentage of the workman's

compensation award could be considered as a factor in setting attorney fees, along with the statutory and *Fryar* factors. We also noted that although attorney fees will vary from case to case, 21% of recovery was at the high end of the general range of acceptable fees as indicated by New Mexico case law. In the present case, the attorney fee is almost 60% of the recovery if future medical benefits are not considered. Since this fee is outside the parameters of what we considered in *Woodson* to be generally permissible, to be upheld it must find support in an analysis of the statutory and *Fryar* factors.

■ NMSA 1978, Section 52–1–54(D)(2) directs the trial court to take into consideration "[t]he present value of the award made in the workman's favor." Petitioners argue that the trial court erred by not considering this factor. We agree. The trial court apparently determined that the present value of the compensation award could not be calculated because of the uncertainty of future medical costs. We recognize that medical expenses are compensation for purposes of awarding attorney fees. *Schiller v. Southwest Air Rangers, Inc.*, 87 N.M. 476, 535 P.2d 1327 (1975). Such expenses, however, are those that *have already occurred*, not expenses that *might occur* in the future. A trial court is prohibited from making a present compensation award for future medical expenses due to their speculative nature. *Hales v. Van Cleave*, 78 N.M. 181, 429 P.2d 379 (Ct.App.), *cert. denied*, 78 N.M. 198, 429 P.2d 657 (1967). Similarly, a trial court should not consider future medical expenses in the present value of the workman's compensation award for purposes of determining attorney fees. In addition, although the trial court specifically made future medical services which are reasonably necessary as a result of the injury a part of the judgment, an employer is required by statute to furnish continuing medical or surgical attention as needed unless the workman refuses to allow it to be so furnished. NMSA 1978, § 52–1–49. If related to the compensable injury, future medicals are granted by the statute as a matter of right. *Chavira v. Gaylord Broadcasting Co.*, 95 N.M. 267, 620 P.2d 1292 (Ct. App.), *cert. denied*, 95 N.M. 299, 621 P.2d 516 (1980). If future medical expenses were considered, therefore, the present value of a compensation award would always be incapable of calculation and this factor would become meaningless.

■ Petitioners also contend that the trial court erred in "rounding off" the time respondent's attorney expended on the case from approximately 192 hours, as stated in respondent's memorandum on attorney fees, to approximately 200 hours and erred in awarding respondent a fee that is in excess of her attorney's normal hourly rate. While the time expended by an attorney and the fees normally charged are additional factors to be considered under *Fryar*, no one factor by itself ought to be controlling. Nevertheless, it is clear that in this case the hours expended by respondent's attorney through closing arguments and the hourly fee he normally charges do not support the attorney fee awarded respondent.

■ Although the existence of an injury, its extent, and whether it occurred within the course and scope of employment were contested, these issues were not particularly unusual or complex. An examination of the record reveals the following: a two-page complaint containing one cause of action; eight depositions of which only three were requested by respondent and two were requested by both parties; three sets of interrogatories, two directed to respondent and one to petitioners; and respondent's response to petitioners' memorandum in support of their motion for summary judgment. The record also indicates that petitioners' law firm expended approximately 95 hours on the case (as opposed to the 192 hours of respondent's attorney) and that their fee was approximately $5,500.

In light of the principles set forth in *Woodson*, we find respondent's $20,000 attorney fees award excessive. The present value of respondent's recovery, which is approximately $33,540 and the other statu-

tory and *Fryar* factors do not support a 60% award in this case. The attorney fees award is reversed and the case is remanded to the trial court to enter a new award consistent with this opinion. A new evidentiary hearing is not required.

Each party shall bear his or her own costs and attorney fees on appeal.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, STOWERS and WALTERS, JJ., concur.