705 P.2d 172

Tonya **SOWDERS**, as mother and next friend of Lou Ann Sowders, a minor, and Diana Lee Malone, as mother and next friend of Eric Lee Sowders, a minor, Plaintiffs-Appellees,

v.

MFG **DRILLING COMPANY**, a corporation, and Employers National Insurance Company, their Workmen's Compensation Insurer, Defendants-Appellants.

No. 8664.

Court of Appeals of New Mexico.

Aug. 1, 1985.

Jay W. Forbes, Michael E. Dargel, McCormick, Forbes, Caraway and Tabor, Carlsbad, for defendants-appellants.

James L. Shuler, Rosenberg, Shuler, Murphy & Meyer, Carlsbad, guardian ad litem for Lou Ann Sowders, a minor.

B.G. Davis, Matkins and Davis, Carlsbad, guardian ad litem for Eric Lee Sowders, a minor.

## OPINION

WOOD, Judge.

Defendants appeal from the award of lump-sum compensation for the benefit of a deceased worker's minor children. We proposed summary affirmance. Defendants filed a timely memorandum in opposition. Having considered defendants' arguments, we affirm.

■ The sole issue in this appeal is the propriety of a lump-sum award. The statutory authority for making a lump-sum award is found in NMSA 1978, Section 52–1–30(B). A lump-sum payment may not be awarded solely because, if invested, the lump sum would produce more benefits than would be realized from weekly payments. *Merrifield v. Auto-Chlor System of Albuquerque,* 100 N.M. 263, 669 P.2d 739 (Ct.App.1983). However, if there are exceptional circumstances, the district court has discretion to award a lump-sum payment. *Boughton v. Western Nuclear, Inc.,* 99 N.M. 723, 663 P.2d 382 (Ct.App. 1983). The statutory inquiry is the best interests of the recipient. Generally, the best interests of the recipient are served by the payment of benefits in regular intervals but, if the circumstances are otherwise, "there should be no hesitancy in making a lump sum award." *Codling v. Aztec Well Servicing Co.,* 89 N.M. 213, 215, 549 P.2d 628 (Ct.App.1976).

■ The recipients in this case are two minor children of the deceased worker. Each child has a different mother. Neither mother was married to the worker at the time of his death, and neither was eligible for any compensation benefits. *See* NMSA 1978, § 52–1–17. The district court's decision to award lump-sum benefits was based upon concern that the mothers might mismanage the children's benefits. The district court concluded that a lump-sum award was necessary to secure the services of a conservator at a reasonable cost.

The calendar assignment states: "[T]he district court's decision that a lump sum was necessary to secure the services of a fiduciary at a reasonable cost was consistent with the policy of protecting the recipients from want."

Defendants' memorandum states:

The reasons given by this Court for summary affirmance are exactly what Appellant controverts exists in the record to establish the propriety of a lump sum settlement. There has been no demonstration of exceptional circumstances

.... The appointment of a banking institution was done for the sole purpose of maximizing the financial management of the benefit funds .... The further award of the lump sum judgment was done for the sole purpose of maximizing the investment value that this fiduciary banking institution could achieve with the death benefit funds.

Defendants take a selective view of the trial court's findings but do not assert the findings lack evidentiary support. The findings reveal that the mothers agreed to settle the compensation claims of their children on a basis that was not in the best interests of the children and that they so agreed without legal counsel or financial advice. Court-appointed guardians refused to approve the settlement to which the mothers agreed. The trial court found that approval of the settlement "would subject the aforesaid minor children ... to grave and unnecessary risk of want during their minority."

In these circumstances, the trial court properly looked to someone other than the mothers to look out for the children's financial welfare. The lump sum awarded was based on the circumstances of obtaining a conservator for the children at reasonable cost. The findings reveal three steps in the trial court's reasoning: (a) the mothers were inappropriate persons to receive the benefits for the children; (b) there should be a conservator; and (c) what was the best way to get a conservator at reasonable cost. The trial court could properly decide that a lump-sum award was in the best interests of the children and that the circumstances were exceptional.

Defendants contend that affirmance in this case would have the effect of overruling *Merrifield*. This is incorrect. The mother in *Merrifield* was entitled to benefits in her own right and there is nothing in the opinion suggesting that she attempted to enter into a settlement contrary to the interests of the children. Each request for a lump-sum award stands or falls on its own merits. *Padilla v. Frito-Lay, Inc.*, 97 N.M. 354, 639 P.2d 1208 (Ct.App.1981). Affirmance in this case is not inconsistent with the holding in *Merrifield*.

The discussion above illustrates that this was not a case where a lump-sum payment was awarded solely for the purpose of maximizing the production of income. Under the circumstances, the matter rested within the discretion of the trial court. *Boughton v. Western Nuclear, Inc.* The trial court abuses its discretion only when it acts contrary to logic and reason. *Three Rivers Land Co. v. Maddoux*, 98 N.M. 690, 652 P.2d 240 (1982). The district court did not abuse its discretion in this case.

Affirmed. No award of attorney fees for this appeal.

IT IS SO ORDERED.

HENDLEY and BIVINS, JJ., concur.