817 P.2d 726

**Maria D. SANCHEZ, Petitioner,**

v.

**SIEMENS TRANSMISSION SYSTEMS
and Zurich–American Insurance
Group, Respondents.**

**No. 19820.**

Supreme Court of New Mexico.

Sept. 25, 1991.

Jarner & Olona, Mark D. Jarner, Los Lunas, for petitioner.

Ray A. Padilla, Padilla, Riley & Shane, P.A., Albuquerque, for respondents.

OPINION

RANSOM, Justice.

We granted certiorari to review two issues addressed by the court of appeals in

**534**

*Sanchez v. Siemens Transmission Systems,* 112 N.M. 236, 814 P.2d 104 (Ct.App. 1991). These issues concerned the calculation of an award of attorney's fees under Section 52-1-54(D)(2) of the New Mexico Workers' Compensation Act, NMSA 1978, §§ 52-1-1 to -70 (Repl.Pamp.1987 & Cum. Supp.1990). The court of appeals held, among other things, that legal counseling provided to a workers' compensation claimant prior to discontinuation of benefits could not be considered by the workers' compensation judge in determining the fees to which the attorney is entitled upon successful prosecution of the claim. In addition, the court held that the award of attorney's fees in an amount equivalent to 102 percent of the present value of the worker's final award was per se excessive. On these points only, we reverse.

*Legal counseling before termination of benefits.* Maria Sanchez injured her lower back lifting automobile batteries at work. The workers' compensation judge awarded Sanchez temporary total disability and other benefits. At the hearing on attorney's fees, Sanchez' attorney stated that he had expended 118 hours on the case. Of the 118 hours, he spent 11.5 hours counseling Sanchez before her employer terminated her benefits. The judge found that the time reasonably spent by the attorney came to 111 hours. The court of appeals concluded that the judge "may have considered a portion of the 11.5 hours [of counseling prior to termination of benefits] in the award of attorney fees," and reversed for a redetermination of fees. *Sanchez,* 112 N.M. at 244, 814 P.2d at 112.

Subsection 52-1-54(D) provides that "where compensation ... is refused and the claimant shall *thereafter* collect compensation ... then the compensation to be paid to the attorney shall be fixed by the

hearing officer." (Emphasis added.) The court of appeals began its analysis with the proposition, derived from Subsection 52-1-54(D), that recovery of compensation is a prerequisite for an award of attorney's fees. *See Morgan v. Public Serv. Co. of N.M.,* 98 N.M. 775, 778, 652 P.2d 1226, 1229 (Ct.App.1982) (recovery of compensation is a prerequisite for award of attorney's fees). The court reasoned that without termination of benefits nothing inures to the benefit of claimant as a result of the attorney's services and, accordingly, "it is improper to award attorney fees for hours expended before benefits are terminated." This reasoning is fallacious and is not justified by either the language or purpose of the statute.

■ It does not follow from the plain language of Subsection 52-1-54(D) that, because recovery of compensation is a prerequisite to allowance of attorney's fees, legal services rendered prior to termination of benefits are not compensable. A potential claimant receiving benefits is free to engage the services of counsel. The statutory requirement of Subsection 52-1-54(D) that compensation be recovered does not, as the court of appeals would have it, define the permissible scope of compensable legal representation.[1] Rather, that subsection describes but one of several classes of cases in which reasonable attorney's fees may be recovered under the Act.[2] Because there is no dispute that this case falls within Subsection 52-1-54(D), we perceive no statutory impediment to compensating attorneys for time reasonably spent counseling clients prior to termination of benefits.

■ Moreover, public policy considerations militate against penalizing attorneys and clients who, with foresight and prudence, begin consultation and planning be-

1. Surely, had our legislature intended such a prohibition on the award of attorney fees for services rendered prior to termination of benefits, it easily could have so provided.

2. Subsection 52-1-54(A) limits recovery of attorney's fees in worker's compensation cases to the specific circumstances and subject to the conditions enumerated in subsections (B) through (L). Subsection (D) permits recovery

of attorney's fees in actions where the claimant has been refused compensation by the employer and then successfully recovers an amount in excess of that offered in writing by the employer at least five business days before the informal hearing before the division. In that case, the workers' compensation judge or the court upon appeal shall fix a "reasonable and proper" fee, considering all the factors set forth in Section 52-1-54.

fore benefits are terminated. A blanket prohibition against an award of attorney's fees for these services raises the risk of chilling·potentially beneficial discussion between an informed claimant and his or her employer concerning the consequences of terminating benefits. Absent a legislative mandate or a clearly identified and compelling public policy, we are loath to condone legal rules that hinder a worker from becoming informed in a timely manner as to that worker's rights. Only if the employer does not wrongly terminate benefits should the employer clearly not be liable for consultation fees.

■ In our view, the workers' compensation judge, in his sound discretion and using all relevant and statutory judicial factors, should determine whether to award attorney's fees for services rendered prior to termination of the claimant's benefits. In so doing, due consideration must be given to the relationship that pretermination counseling bears to the successfully recovered award. *See* § 52–1–54(F) ("In determining reasonable attorney's fees, the hearing officer shall consider only those benefits to the worker that the attorney is responsible for securing."). Our holding today follows from the long held proposition that attorneys are entitled to adequate compensation for work necessarily performed in workers' compensation cases, *see Woodson v. Phillips Petroleum Co.,* 102 N.M. 333, 339, 695 P.2d 483, 489 (1985), and that the determination of what attorneys' fees are reasonable and proper in workers' compensation cases lies within the sound discretion of the workers' compensation judge. *Genuine Parts Co. v. Garcia,* 92 N.M. 57, 62, 582 P.2d 1270, 1275 (1978).

■ *Reliance on percentage of recovery inappropriate.* In *Woodson,* Chief Justice Federici went to great lengths to describe the role that the relationship between the present value of the claimant's award and the successful attorney's fees should play in establishing a reasonable fee. In resolving the issue before us today, we need do no more than quote with approval the language of the Chief Justice in *Woodson:*

We decline to set attorney fees at any specific percentage of the workman's recovery. For one thing, the Legislature did not do so when it enacted NMSA 1978, Section 52–1–54. Also, we do not wish to inhibit trial courts from exercising their discretion to enlarge or reduce attorney fees in accordance with all of the statutory and [*Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718 (1979)] factors. Finally, bearing in mind that our ultimate aim is to insure adequate representation of workmen's compensation claimants and yet avoid excessive legal fees, [*Fryar*], 93 N.M. at 486, 601 P.2d at 719, we note that a percentage-based method of awarding attorney fees may break down in cases in which the workman's recovery is unusually large or unusually small. If the workman's injury is very slight, yet legitimately compensable, a given percentage of his award may be totally inadequate to fairly compensate his attorney, while the same percentage of a very large award may be excessive as an attorney fee. Attorney fees in workmen's compensation cases will necessarily vary from case to case.

102 N.M. at 338, 695 P.2d at 488.

We should reiterate that a given percentage of the award may be entirely inadequate to fairly compensate the attorney. To say that an attorney's fee may not exceed the award is simply another way of saying that workers with legitimate compensation claims should not expect to pursue those claims through an attorney if the fees of the attorney may reasonably equal or exceed the amount of the claim. We cannot perceive any such legislative intent from the language of the statute.

Only where the workers' compensation judge exceeds his or her discretion will an appellate court upset a fee award. *Genuine Parts Co.,* 92 N.M. at 62, 582 P.2d at 1275. Here, the record shows that the workers' compensation judge reviewed the statutory and *Fryar* factors as required by *Woodson. See Board of Educ. v. Quintana,* 102 N.M. 433, 435, 697 P.2d 116, 118 (1985) (where attorney fee award is outside the perimeter of *Woodson* permissibility,

*e.g.,* twenty-one percent of the recovery, it must find support in an analysis of the statutory and *Fryar* factors). The judge found that the issues were seriously contested and complex. The medical issues were of particular complexity and required depositions of six persons, five of whom were physicians or medical providers. In addition, reduced to the hourly rate of $81.08, the fee award does not appear unreasonable. When considered in conjunction with the statutory and *Fryar* factors, the attorney's fees in this case expressed as a percentage of the recovery do not place the fee award beyond the discretionary authority of the workers' compensation judge. The relationship between the fee award and the recovery is but one of several important elements that bear on the reasonableness of the attorney's fee.

The opinion of the court of appeals is reversed on the above-mentioned points. In establishing the reasonable fee to which Sanchez' attorney may be entitled on remand, the workers' compensation judge may include time expended counseling Sanchez prior to termination of benefits where those efforts bear a reasonable relation to recovery of the award. Additionally, where reasonable and proper as measured by the statutory and *Fryar* factors, the workers' compensation judge may award fees in excess of the present value of Sanchez' award.

IT IS SO ORDERED.

SOSA, C.J., and MONTGOMERY, J., concur.