696 P.2d 479

**Abigail MANZANARES, Petitioner,**

v.

**LERNER'S, INC. and National Union Fire Insurance Company, Respondents.**

**No. 15617.**

Supreme Court of New Mexico.

March 4, 1985.

John R. Polk, Albuquerque, for petitioner.

Joseph J. Mullins, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for respondents.

**OPINION**

FEDERICI, Chief Justice.

The sole issue in this workmen's compensation case, which is before us on writ of certiorari, is the propriety of the amount of the attorney fees award.

Plaintiff-petitioner, Abigail Manzanares (petitioner), brought suit in Bernalillo County District Court against defendants-respondents, Lerner's, Inc. and National

Union Fire Insurance Co. (respondents), to recover compensation for an injury petitioner received while employed as store manager for Lerner's, Inc. Petitioner was injured when she attempted to apprehend a suspected shoplifter. The trial court found that petitioner was totally disabled for a period of two months and thereafter is partially disabled to the extent of five percent. The trial court awarded petitioner $2,500 as reasonable attorney fees. The parties subsequently entered into an agreement in which petitioner agreed to accept $8,997.72 in full settlement of her claims, excluding attorney fees.

Petitioner appealed the attorney fees award to the Court of Appeals, contending that the amount awarded was inadequate, not supported by substantial evidence, and therefore arbitrary and capricious. The Court of Appeals found the fee to be supported by substantial evidence and affirmed the trial court's award. We reverse the Court of Appeals and the trial court.

Although the issues in this lawsuit were not complex, they were vigorously contested at every stage of the litigation. Respondents answered petitioner's complaint with a general denial and eight affirmative defenses. Both sides battled over the scope of discovery. After hearing argument on the discovery issue, the trial court ordered petitioner to file a motion for court approval to take the deposition of each individual that she wished to depose, noting that if she should be successful in the final litigation such time would probably be chargeable to respondents. Twelve depositions were taken. Interrogatories, requests to produce and subpoenas duces tecum for production of records were also filed. Over seventy documents were eventually filed from the time of the complaint to the filing of the notice of appeal. Petitioner prevailed on all issues at trial.

The petition for attorney fees and the Judgment Order awarding compensation benefits were presented at a later hearing. Petitioner's attorney accompanied his petition with a memorandum and an affidavit detailing the 127.95 hours he had devoted to the case. He requested compensation in the amount of $12,795, plus tax. We consider this request to be exorbitant. Respondent's law firm filed an affidavit itemizing 84.2 hours expended on the case. The firm's total fee was approximately $7,932. The record also discloses an offer by respondents to petitioner of an attorney fee of $5,000.

At the hearing the trial court noted that the case had been over-tried and that he believed a decent fee for an attorney would be one-third of what his client received. He granted petitioner's attorney $2,500. The Judgment Order, with this amount filled in, was then signed by the judge. At that time, petitioner's attorney requested permission to file findings of fact and conclusions of law on the attorney fees issue. Permission was granted, and the filing of the Judgment Order was temporarily postponed. The judgment was later filed simultaneously with the court's findings of fact and conclusions of law on attorney fees.

The trial court made the following findings on attorney fees:

1. The issues raised by this litigation were neither complex nor novel.

2. The only contested issue at trial involved the factual question of whether Plaintiff actually suffered an injury as a result of her on-the-job accident, and the extent of any disability resulting therefrom.

3. The trial of all issues took place in little more than one-half day.

4. The time and effort expended by Plaintiff's attorney (127.95 hours) was excessive, given the relatively simple issues involved in the case.

5. The ability, experience, skill and reputation of Plaintiff's attorney does not conform to the inordinate amount of time it took for him to prosecute the relatively simple issues involved in the instant litigation.

6. On February 4, 1983, Defendant offered to settle the matter for $2,300.00.

7. Plaintiff refused Defendant's settlement offer, but Plaintiff never made a

counter-demand or effort to compromise the full amount of the claim outlined in the complaint.

8. The present value of Plaintiff's award, using the five percent (5%) statutory discount rate, is only $7,597.29.

The trial court then concluded:

1. After considering the above findings relative to the success of the workman in the court proceedings; the extent to which the issues were contested; the complexity of the issue; the ability, standing, skill and experience of the attorney; the rise in the cost of living; and the time and effort expended by the attorney in the particular case, the Court concludes that Plaintiff's attorney is entitled to an attorney's fees in the amount of $2,500.00.

The factors to be considered by the trial court in setting a fee for a plaintiff's attorney in a workmen's compensation action have been discussed in many prior appellate court decisions. *See, e.g., Morgan v. Public Service Co. of New Mexico,* 98 N.M. 775, 652 P.2d 1226 (Ct.App.1982); *Fitch v. Sam Tanksley Trucking Co.,* 95 N.M. 477, 623 P.2d 991 (Ct.App.1980), *cert. quashed,* 95 N.M. 593, 624 P.2d 535 (1981). Most recently this Court addressed the issue in *Woodson v. Phillips Petroleum Co.,* 102 N.M. 333, 695 P.2d 483 (1985). In *Woodson* we held that a trial court could correctly consider a percentage of the worker's award, but that the size of the award should not be the only inquiry of the court. The statutorily-mandated factors of NMSA 1978, Section 52-1-54 and the factors specified by *Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718 (1979), must also be considered. Although no one of these considerations is controlling by itself, they are useful as guides in determining the real value of the attorney's service. We recognized, however, that any percentage method, although utilized as a guideline only, might be unhelpful and inappropriate in cases in which the worker's recovery is unusually large or unusually small. We recognized that a percentage of a worker's award where the injury was slight but compensa-

ble might be totally inadequate in certain circumstances. Such is the case before us now.

■ The amount of the award continues to be within the sound discretion of the trial court. *Genuine Parts Co. v. Garcia,* 92 N.M. 57, 582 P.2d 1270 (1978). It was our hope that consideration of the *Fryar* factors would aid the trial courts in striking the difficult balance between the public policy of preserving the right of an injured worker to have adequate legal representation and the public policy of avoiding excessive fees which ultimately are reflected in higher premiums. *See Fryar v. Johnsen.* This first public policy was considered in *Herndon v. Albuquerque Public Schools,* 92 N.M. 287, 587 P.2d 434 (1978), in which we said, "[i]t is imperative that courts foster and protect the ability of an injured workman to obtain counsel of his choice." *Id.* at 288, 587 P.2d at 435. This comment is especially applicable to the type of case now before us in which a worker has sustained a minor but compensable injury and the employer has denied all liability. This type of claim often necessitates vigorous representation and possibly as much work as a case dealing with a more major injury. If an attorney does not receive adequate compensation in such cases, in the future attorneys may be unwilling to represent workers with minor to moderate injury claims or might represent them in a minimal way. The basis upon which fees are fixed should not be so low as to discourage competent attorneys from accepting employment.

■ In the present case, the trial court abused its discretion. It placed too great an emphasis on the noncomplexity of the issues *at trial* and the relatively short trial itself. The record, however, indicates that *pre-trial* discovery was substantial and that by reason of that discovery, the issues were simplified or eliminated by the time of trial. The time spent by the attorneys in pre-trial litigation was, in our opinion, not sufficiently considered by the trial court. We agree with the trial court, however, that petitioner should have made a greater

effort to settle her claim. Petitioner never made a counter-demand to respondent's settlement offer. We also agree with the trial court that the time and effort expended on this case by the parties was excessive, but believe that the trial court incorrectly placed the burden primarily on petitioner's attorney for the adversary and contested nature of the lawsuit.

For the above stated reasons, we believe that the attorney fees award in this case was inadequate under the circumstances and should be increased, although not nearly to the amount petitioner originally requested. We reverse and remand this case to the trial court to reconsider the attorney fees award in light of this opinion. A new evidentiary hearing is not required.

■ Since this appellate review was brought solely for the benefit of petitioner's attorney, the free process allowed by NMSA 1978, Section 52–1–39(B) does not apply. Each of the parties shall bear their own costs on appeal. *Holloway v. New Mexico Office Furniture*, 99 N.M. 525, 660 P.2d 615 (Ct.App.1983). Petitioner is awarded $1,300 for attorney fees in this appeal.

IT IS SO ORDERED.

SOSA, Senior Justice, and RIORDAN, STOWERS and WALTERS, JJ., concur.