910 P.2d 334

Orlando B. CORDOVA, Worker–Appellee,

v.

TAOS SKI VALLEY, INC., Self–Insured, Employer–Appellant.

No. 15882.

Court of Appeals of New Mexico.

Dec. 11, 1995.

Daniel A. Sanchez, Santa Fe, for Worker–Appellee.

John A. Mitchell, Santa Fe, for Employer–Appellant.

## *OPINION*

BUSTAMANTE, Judge.

The Opinion filed herein on November 2, 1995, is withdrawn and the following substituted therefor. Employer's Motion for Rehearing is denied.

This appeal involves the Workers' Compensation Act's (the Act) attorney fee section. *See* NMSA 1978, § 52–1–54 (Repl.Pamp.1991 & Cum.Supp.1995). Appellant Taos Ski Valley, Inc. (Employer) challenges (1) the amount of attorney fees awarded to Orlando Cordova (Worker) as excessive and unreasonable, and (2) the order requiring Employer to pay 100% of Worker's attorney fees as a violation of Section 52–1–54(J). We affirm the amount of the fee awarded, but reverse with regard to the apportionment.

## *SUMMARY OF PROCEEDINGS*

Following a formal hearing, the Workers' Compensation Judge (WCJ) entered a compensation order determining that Worker suffered a 22% disability under the Act. The WCJ determined the present value of the award to Worker to be $19,479.88. The compensation order provided attorney fees would "be determined at a separate hearing upon [p]etition and [a]ffidavit submitted by counsel."

Worker's counsel filed a petition for attorney fees and tax totaling $11,408.06. Attached to the petition was a copy of an invoice addressed to Worker detailing 71.58 hours of attorney's time in the case. Worker's counsel did not submit a separate affidavit or other contemporaneous time records in support of the petition, but he did assert that his time was reasonably and necessarily expended. The petition also asserted that

counsel's normal billing rate was $150 per hour and that the range of fees in the Taos area was $125 to $175 per hour. Worker's counsel requested that Worker's attorney fees be "payable in full by the Employer/Insurer pursuant to . . . § 52–1–54(F)(4)."

Employer filed specific objections to the petition. The objections questioned in some detail the necessity and reasonableness of certain time entries on Worker's invoice, including time spent prior to the mediation conference (8.5 hours) and time spent preparing for litigation activities which did not occur, for example, depositions not taken and motions not filed (8.25 hours). In addition, Employer asserted, "The issues in this case were not numerous, novel or particularly unusual or complex, did not involve substantial discovery or medical evidence and were not hotly contested in various proceedings." Employer reminded the WCJ that setting a reasonable fee was within her discretion "subject to Section 52–1–54, NMSA 1978 and the decisions of the New Mexico Supreme Court and Court of Appeals and their constructions, interpretations and parameters." Finally, Employer reminded the WCJ of the *Woodson* guidelines for permissible percentage ranges, *see Woodson v. Phillips Petroleum Co.*, 102 N.M. 333, 336–38, 695 P.2d 483, 486–88 (1985), and objected to a fee outside the range.

The WCJ conducted a hearing by telephone on the attorney fee petition. Neither party presented any witnesses or testimony and neither party introduced any evidence or admitted any further documents as exhibits. Worker's counsel argued from the time sheets previously submitted. Worker's counsel reiterated that his hourly rate of $150 was reasonable for Taos County, that he had been practicing law since 1979, had been counsel in more than 200 workers' compensation cases, and was currently managing a case load of approximately 123 cases, forty-eight to fifty-two of which were workers' compensation cases. Worker's counsel also stated that his client's case was complicated from a medical standpoint and required vigorous representation. He argued that attorney fees in workers' compensation cases in general should not be so low as to discourage

competent attorneys from accepting such cases.

Worker's counsel read a portion of a March 11, 1993, letter sent from Employer and argued that the letter should be considered an offer of judgment under Section 52–1–54(F). Worker did not read the entire letter, nor did he offer or submit the letter as evidence. The letter, as read by Worker's counsel, provided in part:

> [I]n order to conclude this matter promptly without additional lawyers' time and costs for the summary judgment motion, discovery, preparation, trial and an appeal, ... a settlement seems to be in everyone's best interests. Accordingly, to resolve this matter completely and finally, Taos Ski Valley will agree to continue to pay [Worker] $19.23 per week from October 18, 1993, for the balance of the period during which he remains unemployed up to the statutory maximum of a total of 500 weeks, and will reimburse him for a [sic] your reasonable attorney's fee.

Worker asserted he was entitled to take advantage of the fee-shifting provision of Section 52–1–54(F)(4) because the "offer of judgment" contained in the letter was less than the amount awarded by the WCJ.

Employer denied the letter constituted an offer of judgment as contemplated by Section 52–1–54(F)(4) and instead characterized the letter as merely a settlement proposal. The remainder of Employer's argument was essentially a repetition with some elaboration of the points raised in its written objections.

At the conclusion of the hearing, the WCJ entered an order approving attorney fees in the sum of $9000, and orally noted that the requested fee was reduced because Worker had not been totally successful. The form of order signed by the WCJ had been submitted by Worker with the petition for fees. The WCJ signed the form as submitted except for the amount of the fee. The order recited, "An attorney fee of $9000 for 71.58 hours is reasonable applying the Workers' Compensation Act and the *Fryar v. Johnsen,* 93 N.M. 485, 601 P.2d 718 (1979) factors." The WCJ orally noted that all of Worker's benefits had been placed in jeopardy by the litigation and that the case had been difficult because the facts and medical records involved were complicated.

As part of the oral ruling, the WCJ quoted the following portion of Section 52–1–54(F)(1): "If the compensation order finally obtained by the party is not more favorable than the offer, that party must pay the costs incurred by the opposing party after the making of the offer." The WCJ then determined that the Employer would be required to pay 100% of Worker's attorney fees. Neither party requested permission to submit requested findings of fact and conclusions of law, and neither asked the WCJ to enter findings or conclusions beyond her oral ruling and the order entered.

### ISSUE I: *Amount of Attorney Fees Awarded*

Employer raises a number of contentions regarding the amount of attorney fees awarded to Worker. By and large, Employer's contentions here are the same as the objections it filed to the original petition. The remainder of Employer's arguments are aimed at procedural irregularities and the failure of the WCJ to be more thorough and specific in reaching and explaining the ruling. For example, Employer asserts the WCJ erred in not entering explicit findings covering the factors listed in Section 52–1–54(E) and *Fryar v. Johnsen,* 93 N.M. 485, 488, 601 P.2d 718, 721 (1979). Second, Employer argues that the fee award is excessive because the case was relatively simple and was not hotly litigated. Third, Employer argues that the fee percentage awarded based upon the present value of benefits obtained by Worker, 46.20%, substantially exceeds the percentage of fee awards in ordinary workers' compensation cases. Finally, Employer asserts the WCJ erred because she accepted Worker's counsel's fees without a supporting affidavit, time sheets, contemporaneous record, or other substantiation of the time claimed.

#### A. *Preservation*

██ Worker urges us to turn a deaf ear to the entirety of Employer's challenge to the amount of the fee award because Employer failed to request findings of fact and conclu-

sions of law detailing its position to the WCJ. Of course, the general rule is that a party's failure to request findings and conclusions on specific factors or issues it wishes to be considered results in the waiver of any argument it may wish to raise on appeal as to those issues. *Apodaca v. Payroll Express, Inc.*, 116 N.M. 816, 825, 867 P.2d 1198, 1207 (Ct.App.1993); *Trujillo v. Hilton of Santa Fe*, 115 N.M. 398, 404, 851 P.2d 1065, 1071 (Ct.App.), *rev'd on other grounds*, 115 N.M. 397, 851 P.2d 1064 (1993), *and cert. denied*, 117 N.M. 744, 877 P.2d 44 (1994).

[redacted] We do not agree with Worker that Employer has waived its entire argument. However, we do agree that Employer should not now be allowed to fault the WCJ for any procedural irregularities or for lack of specificity in the WCJ's ruling. A party who has contributed, at least in part, to perceived shortcomings in a trial court's ruling should hardly be heard to complain about those shortcomings on appeal. *Cf. Harper v. Harper*, 54 N.M. 194, 195, 217 P.2d 857, 858 (1950) ("Counsel may not lead the trial court into error and then complain of it.") We hold that Employer has waived all arguments as to the form of the WCJ's ruling, including any failure to make explicit findings as to certain Section 52-1-54(E) and *Fryar* factors in the WCJ's oral ruling. We appreciate that more extensive findings and conclusions referring to the statutory and *Fryar* factors and explaining the court's decision-making process are generally preferable for purposes of appellate review. However, there is no requirement that every order setting attorney fees under the Act be supported by specific findings referring to all of the factors which may ultimately impinge on the fee award calculation. *Sanchez v. Siemens Transmission Sys.*, 112 N.M. 236, 245, 814 P.2d 104, 113 (Ct.App.), *rev'd on other grounds*, 112 N.M. 533, 817 P.2d 726 (1991). A trial court need only make findings of ultimate fact sufficient to support its conclusion. *Marcus v. Cortese*, 98 N.M. 414, 415, 649 P.2d 482, 483 (Ct.App.1982). The WCJ's ruling meets this standard.

[redacted] Requested findings of fact and conclusions of law serve two basic functions. At the trial level they serve to formally inform the court of each party's view of the facts in the case and how the facts fit the applicable law. The requested findings serve to make clear that the court was properly apprised of each party's theory of the case, thus allowing the trier of fact to make an informed choice. At the appellate level, requested findings help define the issues brought to the trial court's attention, and thus preserved for appeal, and they help chart the course the court took to its final decision. Waiver of an argument on appeal is a reasonable consequence for failing to formally alert the court to a potential error, thus depriving the trier of fact of the opportunity to address or correct the problem in the first instance. However, where the record is sufficiently clear to allow the appellate court to clearly understand which issues were raised and argued to the trial court, and not abandoned, the appellate court may address these issues on their merits. This is particularly true with regard to an issue such as attorney fee awards under the Act, which is the subject of recurrent litigation. We choose to address the issues raised by Employer's objection to the fee petition.

B. *Standard of Review*

[redacted] Prior to reaching the merits, we reiterate the standard of review we apply in examining attorney fee awards under the Act. Awarding attorney fees under the Act is a matter entirely within the discretion of the workers' compensation judge. *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 62, 582 P.2d 1270, 1275 (1978); *Mascarenas v. Kennedy*, 74 N.M. 665, 670, 397 P.2d 312, 315 (1964). An appellate court will overturn a fee award only when there has been an abuse of discretion or when the court has acted beyond reason. *Sanchez v. Siemens Transmission Sys.*, 112 N.M. 533, 535, 817 P.2d 726, 728 (1991); *Manzanares v. Lerner's, Inc.*, 102 N.M. 391, 393, 696 P.2d 479, 481 (1985). Abuse of discretion may be found when the court's conclusion is "clearly against the logic and effect of the facts and circumstances before [it]," *Zamora v. CDK Contracting Co.*, 106 N.M. 309, 314, 742 P.2d 521, 526 (Ct. App.), *cert. quashed*, 106 N.M. 353, 742 P.2d 1058 (1987) or, stated differently, when its

decision is contrary to logic and reason, *Roselli v. Rio Communities Serv. Station, Inc.*, 109 N.M. 509, 512, 787 P.2d 428, 431 (1990). In applying this standard, the evidence will be viewed in the light most favorable to supporting the trial court's decision. *Baca v. Highlands Univ.*, 113 N.M. 170, 173, 824 P.2d 310, 313 (1992).

The abuse of discretion standard obviously accords a high level of deference to a workers' compensation judge's decision, requiring a concomitantly serious showing of error to warrant reversal. Unfortunately, the case law in New Mexico can be interpreted to have honored the rule more in the breach than in its observance. Based on the number and nature of appeals arguing attorney fee issues, it can be persuasively asserted that practitioners harbor a perception that the appellate courts have not applied a true abuse of discretion standard when reviewing fee awards. We believe it useful to re-emphasize and reassert the full vigor of the abuse of discretion standard for review of fee awards under the Act. If the record reflects individualized consideration of a fee request without an arbitrary refusal or failure to consider a factor properly brought to the court's attention, then the appellate court should defer to the court's decision. We emphasize that it is appellant's burden to demonstrate there has been a material refusal or failure to consider a relevant factor. A mere showing that the court rejected, disagreed with, or adopted a modified version of appellant's position will not be deemed an abuse of discretion unless the court's decision is manifestly wrong or contrary to logic and reason.

### C. *Discussion*

There is little new that can be said about the manner in which workers' compensation judges arrive at their decisions concerning attorney fee awards. A workers' compensation judge must be constantly aware of the statutory policy mandate to adequately compensate attorneys representing workers in order to ensure the ability of workers to obtain competent counsel of their choice. This is particularly important in a system such as New Mexico's, which restricts

payment to claimant's attorney to fees permitted by the workers' compensation judge. *See Manzanares*, 102 N.M. at 393, 696 P.2d at 481; *Herndon v. Albuquerque Pub. Sch.*, 92 N.M. 287, 288, 587 P.2d 434, 435 (1978). On the other hand, excessive fees are to be guarded against to ensure they do not become an undue burden on the workers' compensation system. *Fryar*, 93 N.M. at 486, 601 P.2d at 719. Of course, the workers' compensation judge must consider the factors listed in Section 52–1–54(E) of the Act and should take into consideration the so-called *Fryar* factors, at least to the extent the parties present evidence supporting them. *Woodson*, 102 N.M. at 339, 695 P.2d at 489. Finally, the judge should keep in mind the general percentage guidelines of *Woodson*. *See id.* at 338, 695 P.2d at 488.

We echo the Supreme Court's observation in *Woodson* that cases are of necessity individual and attorney fees will necessarily vary from case to case. *Id.* Fee calculation should not be reduced to a mechanical or formulaic process. The statutory and *Fryar* factors should be applied dynamically with due regard to the relative weight of each factor in each case. The percentage guidelines of *Woodson* should not be applied woodenly without regard to the time and effort reasonably and necessarily expended by counsel. Thus, no percentage is presumptively excessive if otherwise supported by other factors or policy considerations. *See Benavidez v. Bloomfield Mun. Sch.*, 117 N.M. 245, 249, 871 P.2d 9, 13 (Ct.App.1994).

We conclude that the amount awarded in attorney fees by the WCJ in this case was within a reasonable discretionary range and that there was no abuse of discretion. The record demonstrates that the WCJ considered the statutory and *Fryar* factors to the extent they were argued. The WCJ had available Worker's counsel's petition, which contained a detailed list of time expended on the case, and she heard arguments during the hearing about counsel's skill, experience, caseload, and regular hourly fee. The WCJ also had available Employer's objections to the petition and heard oral argument based on the written objections. The WCJ's oral findings at the conclusion of the hearing on

attorney fees indicate the case was difficult because of complicated facts and medical records. The WCJ also orally found that all of Worker's benefits had been placed in jeopardy. The WCJ reduced the amount requested because Worker had not been completely successful in his claims. Finally, the Order awarding fees stated on its face that the award was based on the statutory and *Fryar* factors. Employer has not provided any basis upon which we can question this ultimate finding. The failure of Worker's counsel to submit a supporting affidavit along with his petition for attorney fees is not reversible error considering that Worker's counsel, an officer of the court, is under an obligation to be truthful. *See* SCRA1986, Rules of Prof.Conduct 16–303 (Repl.1995); *cf. Woodson,* 102 N.M. at 339, 695 P.2d at 489 (whether counsel's statements are sworn or not goes to weight accorded such statements and not to admissibility). Finding no abuse of discretion, we affirm the attorney fee award.

### ISSUE TWO: *Offer of Judgment*

Employer contends that the WCJ should have applied Section 52–1–54(J), which requires that payment of the claimant's attorney's fees be shared equally by the worker and the employer. Employer asserts that the WCJ erroneously shifted the entire obligation to Employer by improperly applying Section 52–1–54(F)(4), contrary to our recent decision in *Leo v. Cornucopia Restaurant,* 118 N.M. 354, 362, 881 P.2d 714, 722 (Ct. App.), *cert. denied,* 118 N.M. 430, 882 P.2d 21 (1994). Worker, on the other hand, asserts that we decided *Leo* wrongly and invites us to revisit our ruling. We reverse the WCJ's fee apportionment decision, but not for the reasons argued by the parties.

■ We address Worker's argument summarily. We are not persuaded *Leo* is faulty in its substantive discussion of Section 52–1–54(F)(4), and are thus reluctant to replow the same ground at any length. To the contrary, a critical review of *Leo* now would be destructive of the positive goals of stability and predictability fostered by the notion of *stare decisis. Cf.* Taylor Mattis, *Precedential Value of Decisions of the Court of Appeals of the State of New Mexico,* 22 N.M.L.Rev. 535, 537 (1992) (Court of Appeals has not succumbed to the temptation of rejecting horizontal *stare decisis* ).

■ Rejection of Worker's argument does not resolve the issue entirely, however, because the WCJ actually relied on a clause, already quoted above, in Section 52–1–54(F)(1) as the basis for her decision. Assuming for purposes of this discussion only that Employer's letter was an offer for a compensation order under Section 52–1–54, could the WCJ rely on the *cost* shifting provision of Section 52–5–54(F)(1) to shift attorney fees? The answer must be no. First, Section 52–1–54(J) only allows fee-shifting if the court finds Section 52–1–54(F)(3) or (4) applies. Second, fees awarded under the Act after a trial or formal hearing, as opposed to after approval of a settlement, are treated in New Mexico as part of the judgment proper and not as costs. *Genuine Parts Co.,* 92 N.M. at 62, 582 P.2d at 1275. Third, to allow shifting of the attorney fee obligation under Section 52–1–54(F)(1) would make Sections 52–1–54(F)(3) and (4) merely redundant, or worse, superfluous. In analyzing a statute, we must attempt to achieve internal consistency and avoid making any portion of the statute superfluous. *See State v. Dunsmore,* 119 N.M. 431, 433, 891 P.2d 572, 574 (Ct.App. 1995). Further, specific provisions of a statute generally should be construed to prevail over more general provisions which may touch on the same subject. *See Production Credit Ass'n v. Williamson,* 107 N.M. 212, 213, 755 P.2d 56, 57 (1988). Sections 52–1–54(F)(3) and (4) specifically address shifting of responsibility for attorney fees and thus control over the provision regarding costs relied upon by the WCJ.

Applying *Leo,* there was no basis under Section 52–1–54(F) to require Employer to pay 100% of Worker's attorneys' fee. Worker did not make an offer that complied with Section 52–1–54(F)(4) (Cum.Supp.1995). Attorney fees awarded after formal hearing or trial are not "costs" within the contemplation of the Act. Thus, there was no basis for the WCJ to order a payment regimen different from that contemplated by Section 52–1–54(J).

## CONCLUSION

The amount of attorney fees awarded Worker was within the outer limits of the WCJ's discretion and is affirmed. The WCJ's order requiring Employer to pay 100% of the attorney fees is reversed. The matter is remanded for proceedings consistent herewith. No attorney fees are awarded for this appeal.

**IT IS SO ORDERED.**

APODACA, C.J., and BLACK, J., concur.