This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DAVID NEWBERRY,**

Worker-Appellant,

v.                                                                                    **NO. 30,805**

**KDA CONSTRUCTION and**
**THE HARTFORD,**

Employer/Insurer-Appellee.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Terry S. Kramer, Workers' Compensation Judge**

David S. Proffit
Albuquerque, NM

for Appellant

Ned S. Fuller
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Worker appeals from an order of the Workers' Compensation Administration ("WCJ") finding that Worker's left heel and ankle problems were not caused by the

work-related accident and therefore denying benefits to Worker. We proposed to affirm in a notice of proposed summary disposition, and Worker has filed a memorandum in opposition to our proposed disposition. Having considered the arguments raised in Worker's memorandum in opposition and remaining unpersuaded, we affirm the order of the WCJ.

As discussed in our notice of proposed summary disposition, Worker bears the burden of establishing the causal connection between the work-related accident and the alleged injury to his heel/ankle. *See Sanchez v. Zanio's Foods*, 2005-NMCA-134, ¶ 10, 138 N.M. 555, 123 P.3d 788. He must establish the causal connection to a medical probability "by expert testimony of a health care provider . . . testifying within the area of his expertise." NMSA 1978, § 52-1-28(B) (1987).

We apply a whole record standard of review when considering whether sufficient evidence supports the WCJ's findings and conclusions as to causation and other matters. *Tallman v. ABF (Arkansas Best Freight)*, 108 N.M. 124, 128, 767 P.2d 363, 367 (Ct. App. 1988)). Our whole record standard of review does not permit us to reweigh the evidence or make independent findings. *Id.* at 127, 130, 767 P.2d at 366, 369.

In our notice of proposed summary disposition, we proposed to affirm the WCJ's ruling that Worker's left heel/ankle complaints were not causally related to his

work-related accident and that as a result, Worker reached maximum medical improvement ("MMI") prior to August 24, 2010, and he was not entitled to any medical or indemnity benefits for his left heel/ankle complaints. [RP 212 ¶ 30, 214 ¶¶ 52-55, 215 ¶¶ 56-59, 215-216 ¶¶ 7-11] We were unpersuaded by Worker's contention that the WCJ ignored the "uncontroverted" medical opinions provided by Dr. Cobb, Dr. Sells, and Dr. Allen that Worker had not reached MMI for his left heel/ankle complaints and that, more likely than not, Worker's left heel/ankle complaints were causally related to the accident. [DS 4, 10-11; MIO 7, 18-19].

In his memorandum in opposition, Worker does not dispute that Dr. Wells provided testimony in support of the WCJ's findings and conclusions or that the record contains the inconsistencies identified in our notice of proposed summary disposition. Instead, he claims that his failure to obtain medical advice at an earlier point was due to Employer's failure to advise him of where to obtain medical treatment in the period between the accident on January 10, 2008, and March 18, 2008. [MIO 5, 20] He claims that he made immediate attempts to determine from Employer where he should seek medical care and that he was unable to be seen by a health care provider concerning his work-related complaints for three weeks until he was seen by his personal chiropractor. [MIO 20] He then argues that the WCJ failed to consider that Employer blocked his access to health care for over two months by

refusing to provide direction for where Worker should seek medical care and then by directing Worker to a provider who was a poor fit, Dr. Welling. [MIO 24] We are unpersuaded.

The record indicates that at least by February 6, 2008, less than a month after the accident, Worker was informed that he was entitled to choose his health care provider. [RP 40, 43-44] Worker saw his chiropractor on February 8, 2008, yet he did not inform him of ankle pain or problems for over a year until March 16, 2009. [RP 211 ¶¶ 18, 22, 213 ¶ 38]

Moreover, there is nothing in the joint pretrial order or in Worker's proposed findings of fact and conclusions of law, suggesting that the parties contested the issue of whether Worker's failure to seek treatment at an earlier point was due to Employer's failure to advise him of where to seek treatment. [RP 133-136, 181-182] *See Cordova v. Taos Ski Valley, Inc.*, 121 N.M. 258, 263, 910 P.2d 334, 339 (Ct. App. 1995) (stating that in general, "a party's failure to request findings and conclusions on specific factors or issues it wishes to be considered results in the waiver of any argument it may wish to raise on appeal as to those issues"). Therefore, we are not persuaded that any inaction by Employer caused Worker to delay obtaining medical treatment so as to render the WCJ's findings and conclusions unsupported.

Worker also contends that he returned to work in June 2008 with a subsequent

4

employer in part because he failed to obtain counsel at an earlier point, and contends that he did so in spite of his continuing medical complaints. [MIO 21, 24] However, Worker also acknowledges that he performed his duties with his post-injury employer "without any noticeable signs of disability or physical limitations" and that he never indicated to his subsequent employer that he suffered from any chronic or recurring illnesses or physical problems or took any prescription medication. [MIO 23; RP 213 ¶¶ 41-44] The WCJ's findings indicate, and Worker does not dispute, that there was no evidence showing he complained to his subsequent employer or held himself out as medically unable to perform any requirements of his job. [RP 213 ¶¶ 41-44] Although he now claims that his subsequent employment was in jeopardy due to his physical limitations, [MIO 21] that is not borne out by the record or his own admissions. [MIO 21, 24; RP 213 ¶¶ 41-44]

Finally, Worker claims the WCJ failed to balance the evidence in a fair-minded way, was indifferent to Employer's actions in refusing to facilitate delivery of medical care and to Dr. Welling's indifference to Worker's concerns, and did not appreciate that nuance of the factual circumstances of the case. [MIO 25-27] We consider these claims as an invitation to reweigh the evidence, and we decline to do so. *See Tallman*, 108 N.M. at 127, 130, 767 P.2d at 366, 369.

**CONCLUSION**

For the reasons set forth above and those discussed in our notice of proposed summary disposition, we affirm the order of the WCJ.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**