This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF SANTA FE ex rel.**
**SANTA FE POLICE DEPARTMENT,**

Petitioner-Appellant,

**v.**                                                  No. A-1-CA-36027

**ONE 2003 GRAY NISSAN SEDAN,**

Respondent,

**and**

**MIGUEL A. VILLAREAL-RAMOS,**

Claimant-Appellee.

**CITY OF SANTA FE ex rel.**
**SANTA FE POLICE DEPARTMENT,**

Petitioner-Appellant,

**v.**                                                  No. A-1-CA-36028

**ONE 2007 MAROON TOYOTA SEDAN,**

Respondent,

**and**

**STEVEN FLORES and ICELA FLORES,**

Claimants-Appellees.

**CITY OF SANTA FE ex rel.**
**SANTA FE POLICE DEPARTMENT,**

Petitioner-Appellant,

**v.**                                              No. A-1-CA-36775

**ONE (1) 2007 WHITE CHEVROLET PK,**
**V.I.N. 1GCCS199378247099 NEW MEXICO**
**LICENSE NO. 392TAC,**

Respondent,

**and**

**DINO N. MARTINEZ and MIRACLE J.**
**MARTINEZ,**

Claimants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Francis J. Mathew and David K. Thomson, District Judges**

City of Santa Fe, New Mexico
Erin McSherry, City Attorney
Michael Prinz, Assistant City Attorney
R. Alfred Walker, Assistant City Attorney
Zachary Shandler, Assistant City Attorney
Santa Fe, New Mexico

for Appellant

Miguel A. Villareal-Ramos
Santa Fe, NM

Pro Se Appellee

Steven Flores

Santa Fe, NM

Icela Flores
Santa Fe, NM

Pro Se Appellees

Dino N. Martinez
Española, NM

Miracle J. Martinez
Española, NM

Pro Se Appellees

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Petitioner, City of Santa Fe (the City), appeals from three separate judgments ordering the return of seized vehicles to Claimant Miguel A. Villareal-Ramos, Claimant Icela Flores, and Claimants Dino N. Martinez and Miracle J. Martinez. The City filed three separate petitions for forfeiture of motor vehicles pursuant to the City's forfeiture ordinance, Santa Fe, N.M., Code § 24-9 SFCC 1987 (1993, amended 2012) (Ordinance). On appeal, the City argues that the district court erred by directing the return of Claimants' vehicles in all three cases. Because these appeals present substantially similar issues, we exercise our discretion to consolidate them for decision. *See* Rule 12-317(B) NMRA.

**{2}** Our recent decision in *City of Santa Fe ex rel. Santa Fe Police Department v. One (1) 1989 Black Saab*, ___-NMCA-___, ___ P.3d ___ (No. A-1-CA-35944, Jan. 10, 2019), held that the New Mexico Forfeiture Act (NMFA), NMSA 1978,

§§ 31-27-1 to -11 (2002, as amended through 2015), preempts the Ordinance and the City thus has no authority to seize and forfeit property under the Ordinance. Following this precedent, we hold that the decisions below directing compliance with the Ordinance are vacated, and remand the matters to the district court with instructions to dismiss the City's petitions and order the unconditional return of Claimants' vehicles.

**BACKGROUND**

{3}      The facts in each case are substantially similar. Claimants Miguel A. Villareal-Ramos and Dino N. Martinez were arrested by Santa Fe Police Department officers for driving with licenses that had been revoked, and not reinstated, as a result of prior DWI-related offenses. Claimant Steven Flores, the son of Claimant Icela Flores, was stopped by a Santa Fe Police Department officer for driving without an ignition interlock device while holding a validly issued driver's license with an ignition interlock restriction. Pursuant to the Ordinance, the City seized Claimants' vehicles and sought forfeiture of the vehicles in district court.

{4}      The district court entered judgment in favor of Villareal-Ramos and the Martinezes, ordering the City to provide them the opportunity to recover their vehicles by installing interlock devices in the vehicles and paying fees pursuant to the Ordinance. The district court also ruled in favor of the Floreses, ordering the return of the vehicle to Icela Flores upon payment of fees by Steven Flores. The

City appealed all three rulings, arguing that the district court's interpretation of various provisions of the Ordinance was flawed.

{5}     Because two of our recent decisions hold the NMFA preempts municipal forfeiture ordinances, we requested supplemental briefing on the issue of preemption. The City argues the NMFA does not limit the City's authority to enact the Ordinance, a nuisance abatement tool with different purposes than the NMFA.

**DISCUSSION**

{6}     We review these consolidated appeals de novo because the material facts are not in dispute and the questions presented are legal issues. *See City of Santa Fe ex rel. Santa Fe Police Dep't v. One (1) Black 2006 Jeep*, 2012-NMCA-027, ¶ 7, 286 P.3d 1223 (" 'When there are no disputed material facts, an appellate court reviews all issues on appeal under a *de novo* standard of review.' " (quoting *City of Albuquerque ex rel. Albuquerque Police Dep't v. One (1) 1984 White Chevy*, 2002-NMSC-014, ¶ 5, 132 N.M. 187, 46 P.3d 94)); *see also State v. Hicks*, 2013-NMCA-056, ¶ 5, 300 P.3d 1183 (reviewing legal issues de novo).

{7}     Our recent decision in *Black Saab* is controlling, and bars the City from enforcing the Ordinance. In *Black Saab*, we held that "the NMFA denies the City authority to seize and forfeit property under the Santa Fe Ordinance" because the Ordinance is preempted by the NMFA. ___-NMCA-___, ¶¶ 4, 7. In reaching this conclusion, we adopted the reasoning of *Espinoza v. City of Albuquerque*, ___-NMCA-___, ___ P.3d ___ (No. A-1-CA-35908, Dec. 5, 2018), an analogous case

where we held the NMFA preempts Albuquerque's forfeiture ordinance. *Black Saab*, ___-NMCA-___, ¶ 7. Albuquerque's forfeiture ordinance is substantially similar to the Ordinance. *Id.* ¶ 4. Both ordinances are styled as abatement tools, which provide for civil forfeiture of motor vehicles deemed to be a nuisance based on use of a vehicle in the commission of a DWI offense or operation by a person whose license is revoked because of a DWI offense. *Id.* ¶ 5.

**{8}** In both *Black Saab* and *Espinoza*, we rejected arguments that the plain language of the NMFA does not preempt municipal forfeiture ordinances. *Black Saab*, ___-NMCA-___, ¶ 6. Likewise, we rejected the argument that the Legislature did not intend for the NMFA to preempt municipal forfeiture ordinances. *Id.* The Ordinance at issue here contradicts the Legislature's intent, expressed through the NMFA, to eliminate civil forfeitures. *See id.* ¶ 7.

**{9}** The City makes no attempt to argue *Black Saab* and *Espinoza* are inapplicable. Rather, the City claims the NMFA does not preempt the Ordinance, essentially arguing that our recent cases were wrongly decided. We decline to depart from the analysis set forth in *Black Saab* and *Espinoza*. Such a course of action "would be destructive of the positive goals of stability and predictability fostered by the notion of stare decisis." *Cordova v. Taos Ski Valley, Inc.*, 1996-NMCA-009, ¶ 21, 121 N.M. 258, 910 P.2d 334. Adhering to precedent, we conclude the Ordinance is preempted by the NMFA and may not lawfully be enforced against Claimants.

**{10}** Because we hold the Ordinance is preempted and unenforceable, we need not consider the City's remaining arguments regarding the proper interpretation and application of the Ordinance.

**CONCLUSION**

**{11}** The judgments of the district court applying the provisions of the Ordinance are vacated, and these matters are remanded to the district court with instructions to dismiss the City's petitions and order the unconditional return of Claimants' vehicles.

**{12}** **IT IS SO ORDERED.**


_____

**JULIE J. VARGAS, Judge**

**WE CONCUR:**


_____

**LINDA M. VANZI, Judge**


_____

**BRIANA H. ZAMORA, Judge**