This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38295**

**JACQUELINE CHAVEZ,**

Plaintiff-Appellant,

v.

**ALYSSA J. PHILLIPS and
LIBERTY MUTUAL INSURANCE,
a foreign insurance company
doing business in New Mexico,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY
John F. Davis, District Judge**

Ellis & Estes, Attorneys at Law
James C. Ellis
Daniel P. Estes
Corrales, NM

for Appellant

Stiff, Keith & Garcia, LLC
Edward F. Snow
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**VARGAS, Judge.**

**{1}** Plaintiff appeals from the district court's final judgment, entered in this personal injury case tried to a jury, which awarded Plaintiff $12,000 and assigned 60 percent of the fault to Defendant Phillips (Defendant). Unpersuaded by Plaintiff's docketing

statement, we issued a notice of proposed summary disposition, proposing to affirm. Plaintiff filed a memorandum in opposition to our notice, and Defendant filed a memorandum in support. We have considered the parties' responses and affirm the district court's judgment.

{2}     On appeal, Plaintiff contends the district court erred by construing Defendant's stipulation to negligence in a manner that permitted the jury to consider comparative fault. [DS unnumbered 2, 9-10; MIO 2-6] Plaintiff's docketing statement argued that the evidence supported her motion for judgment as a matter of law on the issue of fault. [DS unnumbered 2, 10-12]

{3}     Our notice proposed to agree with the district court that Defendant's stipulation [1 RP 66] is subject to different interpretations, and a reasonable interpretation of the language would not include an admission of liability or 100 percent fault. [CN 2; 2 RP 340] We proposed to hold that the stipulation is an admission of duty and breach, which did not preclude Defendant's assertion of Plaintiff's potential negligence under the comparative fault doctrine. [CN 2-3] We further noted that, in addition to the language of the stipulation, other documents in the record show that Defendant did not intend to waive her affirmative defense of comparative fault and that Plaintiff should have anticipated Defendant's assertion of comparative fault  about a month prior to trial, at the least. [CN 3-4; 1 RP 13, 139, 147, 149, 165, 184, 252] Lastly, with respect to the stipulation, we proposed to hold that Plaintiff waived her right to claim she was prejudiced by the district court's decision to permit a theory of comparative fault  on the morning of trial, when Plaintiff's counsel refused the district court's offer of a continuance. [CN 4-5; 2 RP 331-32, 337-38, 340-41, 346]

{4}     With respect to the district court's denial of Plaintiff's motion for judgment as a matter of law, our notice proposed to affirm on grounds that Plaintiff did not supply this Court with adequate information to raise the issue. [CN 5-7]

{5}     In response to our notice, Plaintiff contends this Court's proposed analysis ignores the context in which the stipulation was entered, asserting that (1) the main contention between the parties surrounded the nature of Plaintiff's injuries; (2) Defendant's answers to interrogatories did not suggest a belief Plaintiff was a partial cause of the accident; and (3) Defendant's counsel told Plaintiff's counsel there was no need to depose Defendant because she would stipulate to her own negligence. [MIO 4-5] These assertions simply explain Plaintiff's interpretation of the stipulation; they do not demonstrate error in our proposed analysis. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We also are not persuaded by Plaintiff's characterization of our interpretation as being in a vacuum. [MIO 6] To the contrary, our analysis considers the language of the stipulation, the law, the record, and the district court's rulings on Plaintiff's interpretation. Furthermore, Plaintiff does not address how she may demonstrate prejudice by the district court's interpretation of the stipulation when she rejected the opportunity to prepare for trial on that interpretation. *See*

*Cordova v. Taos Ski Valley, Inc.*, 1996-NMCA-009, ¶ 13, 121 N.M. 258, 910 P.2d 334 ("A party who has contributed, at least in part, to perceived shortcomings in a trial court's ruling should hardly be heard to complain about those shortcomings on appeal."). Based on the foregoing, we are not persuaded that Plaintiff has demonstrated reversible error in the district court's treatment of Defendant's stipulation to negligence.

**{6}** Lastly, in response to our notice, Plaintiff does not address the district court's denial of her motion for judgment as a matter of law and our proposed analysis of that issue. When a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue. *State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306.

**{7}** For the reasons stated in our notice and in this opinion, we affirm the district court's judgment.

**{8}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**