This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40260

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**CHRISTOPHER M.,**

Respondent-Appellant,

and

**NELLIE M.,**

Respondent,

**IN THE MATTER OF BRUCE W.,**

Child.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY
Thomas F. Stewart, District Court Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Francis J. Rio, III
Clovis, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}** Christopher M. (Father) appeals from the district court's adjudication of child neglect. Father argues that the district court erred in denying his motion to dismiss the abuse and neglect petition because (1) the adjudicatory hearing was not commenced within the time limits set in the children's code and the children's court rules and (2) the delay violated his right to due process. We affirm.

**DISCUSSION**

**{2}** We review a district court's decision whether to dismiss an abuse and neglect petition for an abuse of discretion and review the district court's application of the children's code and children's court rules de novo. *See State ex rel. Child., Youth & Fams. Dep't v. Tanisha G.*, 2019-NMCA-067, ¶ 10, 451 P.3d 86. "The question of adequate due process in an abuse and neglect proceeding is reviewed de novo." *State ex rel. Child., Youth & Fams. Dep't v. Browind C.*, 2007-NMCA-023, ¶ 18, 141 N.M. 166, 152 P.3d 153. Nonetheless, Father, as the appellant, has the burden of demonstrating error. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (providing that a trial court's actions are presumed to be correct and that an appellant "must affirmatively demonstrate" the trial court erred).

**I.     Children's Code and Children's Court Rules**

**{3}** Father argues the district court should have dismissed the abuse and neglect petition because the adjudicatory hearing was not commenced within the time limits in the children's code, NMSA 1978, § 32A-4-19 (2009), and the corresponding children's court rule, Rule 10-343 NMRA. Section 32A-4-19 mandates that a petition be dismissed with prejudice if the adjudicatory hearing is not "commenced within sixty days after the date of service on the respondent," or "within the period of any extension granted" by the district court. Section 32A-4-19(A), (D). Similarly, Rule 10-343 provides that an "adjudicatory hearing shall be commenced within sixty (60) days" from "the date that the petition is served on the respondent," Rule 10-343(A)(1), and that "[t]he time for commencement of an adjudicatory hearing may be extended by the children's court for good cause shown, provided that the aggregate of all extensions granted by the children's court shall not exceed sixty (60) days, except upon a showing of exceptional circumstances," Rule 10-343(C). Further, if "the adjudicatory hearing on any petition

does not commence within the time limits provided in [Rule 10-343], including any court-ordered extensions, the case shall be dismissed with prejudice." Rule 10-343(E)(2).

**{4}**     On February 22, 2021, the Children, Youth and Families Department (CYFD) served an abuse and neglect petition on Father and Nellie M. (Mother[1]), alleging that both parents had neglected their son. The adjudicatory hearing was originally scheduled for April 22, 2021—within the sixty-day time limit in Section 32A-4-19(A) and Rule 10-343(A)(1). On April 19, 2021, the parties stipulated there was good cause to continue the adjudicatory hearing for sixty days. The district court granted the continuance, but did not reschedule the hearing, explaining that it would be "reset at a later date at the request of the parties." On April 28, 2021, CYFD filed a motion requesting the district court to specify the length of the extension just granted. The district court granted CYFD's request, stating that "this matter shall be provided an additional [forty-five] days in which the matter must be adjudicated" and resetting the hearing for June 10, 2021—within the time limit in Rule 10-343(C). At the June 10 hearing, CYFD requested to "commence and continue" the adjudicatory hearing. After receiving brief testimony from a CYFD witness, CYFD renewed its request to "continue the matter." Over Father's objection, the district court granted CYFD's request to "commence and continue," in part because CYFD's expert witness was not present to testify and in part because Mother was not present at the hearing. The court issued an order continuing the hearing until August 12, 2021. The hearing was then continued, upon Father and Mother's joint motion, until September 3, 2021, and was completed that day. Father filed a motion to dismiss the petition with prejudice for failure to comply with the time limits in Section 32A-4-19 and Rule 10-343 and for violation of his right to due process. The district court denied the motion in a detailed written order, concluding the adjudicatory hearing was timely commenced on June 10, 2021.

**{5}**     Father concedes that commencing the adjudicatory hearing on June 10, 2021, would have been timely under Section 32A-4-19 and Rule 10-343, based on his stipulation to a continuance and the district court's grant of a forty-five-day extension. Father, however, contends that the adjudicatory hearing did not commence on June 10, 2021, and instead commenced on September 3, 2021—well outside the time limit set by the district court's forty-five-day extension. *See* § 32A-4-19(D); Rule 10-343(E)(2). In support, Father asserts the adjudicatory hearing did not "commence" on June 10, 2021, because, according to him, "[n]othing happened at this hearing," and "[t]here [was] no testimony." This assertion is directly contrary to the district court's finding that on June 10, 2021, "the [c]ourt allowed CYFD to commence the hearing by some brief testimony from [a] CYFD caseworker, and granted [CYFD]'s request to continue the hearing." Our review of the record confirms the accuracy of this finding. *See Reynolds v. Landau*, 2020-NMCA-036, ¶ 18, 468 P.3d 928 ("Challenges to a district court's factual findings will not be disturbed on appeal so long as they are supported by substantial evidence."). In light of this, Father's contention that the adjudicatory hearing did not commence on June 10, 2021, because "nothing happened" is not well taken. Further, Father never explains why the testimony at the June 10, 2021, hearing was insufficient to

---

[1]We address Mother's appeal of the adjudication of neglect in a separate opinion.

"commence" the adjudicatory hearing on that date, nor does he directly challenge the district court's ruling that it was sufficient to commence the adjudicatory hearing.

{6}     Instead, Father asserts that CYFD could have presented the majority of its case on June 10, 2021, and then presented the absent expert's testimony at a later date. This, Father contends, is the only scenario where it "could . . . be said that the adjudicatory hearing 'commenced' on June 10." Father, however, fails to cite any legal authority for this principle, and we thus give it no further consideration. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal."). For these reasons, Father has failed to persuade us that the district court's ruling that "[t]he adjudicatory hearing in this case was commenced with[in] the time limits prescribed by Rule 10-343" and Section 32A-4-19 was erroneous.[2]

## II.     Due Process

{7}     Father also argues that the seven-month delay to the completion of the adjudicatory hearing violated his right to due process. As an initial matter, we observe that Father stipulated to the continuance of the April 22 hearing and sought a continuance of the August 12 hearing. Thus, Father cannot be heard to complain on appeal because he contributed to two of the three delays of which he now complains. *See Cordova v. Taos Ski Valley, Inc.*, 1996-NMCA-009, ¶ 13, 121 N.M. 258, 910 P.2d 334 ("A party who has contributed, at least in part, to perceived shortcomings in a trial court's ruling should hardly be heard to complain about those shortcomings on appeal.").

{8}     Irrespective of this, however, we agree with CYFD that Father did not adequately develop his due process challenge for appellate review. Father does not explain how he was prejudiced by the extension of time granted pursuant to Rule 10-343(C) or the district court's granting of two continuances after the adjudicatory hearing commenced. *See State v. Neal*, 2007-NMCA-086, ¶ 42, 142 N.M. 487, 167 P.3d 935 ("[I]n order to establish a violation of due process, [the appellant] must show prejudice."); *cf. State ex rel. Child., Youth & Fams. Dep't v. Ruth Anne E.*, 1999-NMCA-035, ¶¶ 27, 31, 126 N.M. 670, 974 P.2d 164 (reversing upon a father's showing that he was prejudiced by the claimed due process violation). Nor has he argued that the process below violated the three-part balancing test from *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See State ex rel. Child., Youth & Fams. Dep't v. Pamela R.D.G.*, 2006-NMSC-019, ¶ 13, 139 N.M. 459, 134 P.3d 746 (employing the *Mathews* test to assess whether the parents' due process rights were violated). We thus decline to consider this claim of error further. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (providing

---

[2]Father makes no argument on appeal that the adjudicatory hearing must be completed within the time limits set in the children's code and children's court rule. We, therefore, do not consider this matter. *See State ex rel. Hum. Servs. Dep't v. Staples*, 1982-NMSC-099, ¶¶ 3, 5, 98 N.M. 540, 650 P.2d 824 (providing that appellate courts should not reach issues that the parties have not briefed).

that an appellate court will not rule on inadequately briefed issues that would require the court to "develop the arguments itself, effectively performing the parties' work for them").

**CONCLUSION**

**{9}** For the foregoing reasons, we affirm the district court's denial of Father's motion to dismiss.

**{10} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**