This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-42206

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**FABIAN C.,**

Respondent-Appellant,

and

**JOANNA V.,**

Respondent,

**In the Matter of APRIL C.,
ESMERALDA C., RUBY C.,
and MARIA C., Children.**

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Lee A. Kirksey, District Court Judge**

Children, Youth and Families Department
Amanda M. Romero, Chief Children's Court Attorney
Santa Fe, NM
Cynthia Tessman, Children's Court Attorney
Albuquerque, NM

for Appellee

Office of Family Representation & Advocacy
Wolfgang J. Bomgardner
Albuquerque, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**YOHALEM, Judge.**

**{1}** Father appeals from the district court's order terminating his parental rights. We issued a notice proposing to summarily affirm. Father has responded with a memorandum opposing our proposed analysis. We remain unpersuaded by Father's appeal for the reasons stated below, and affirm.

**{2}** Father challenges the sufficiency of the evidence to support the termination of his parental rights, specifically contending that the Children, Youth & Families Department (CYFD) did not make reasonable efforts to assist him in remedying the causes and conditions of Children's neglect, as it was required to do under NMSA 1978, Section 32A-4-28(B)(2) (2022). Our notice explained that when we review the district court's determination of the reasonableness of CYFD's efforts, we consider the totality of the circumstances, including CYFD's statutory obligation, the parent's efforts, and the child's health and safety. *See State ex rel. Child., Youth & Fams. Dep't v. Keon H.*, 2018-NMSC-033, ¶¶ 40-41, 48, 421 P.3d 814. "What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting." *State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 23, 132 N.M. 299, 47 P.3d 859. Thus, our review of CYFD's efforts requires the parent challenging its efforts to demonstrate that under all the relevant circumstances, CYFD did not act reasonably.

**{3}** In response to our notice, Father's memorandum raises several complaints about CYFD's actions, but does not provide factual context for his complaints, address the factual findings of the district court that are inconsistent with his complaints, or address our proposed analysis of all the relevant circumstances.

**{4}** Appellants are required to provide this Court with all the facts bearing on a claim of error; it is neither appropriate for this Court nor it is this Court's obligation to search the record and case law to develop a workable understanding of the case, issues, or to find support for any allegations of error. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (explaining that an appellate court will not do the work of parties and develop arguments on their behalf due to the risk of error, strain on judicial resources, and unfairness inherent in such a practice); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *State v. Chamberlain*, 1989-

NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails in the obligation to provide us with a summary of all the facts material to consideration of the issue raised on appeal, we cannot grant relief on the ground asserted).

{5} Additionally, we do not treat Father's complaints about CYFD's efforts as a factual dispute about what evidence was presented or a proper challenge to the district court's findings, because an appellant challenging a finding for lack of substantial evidence must refer to "all of the evidence, both favorable and unfavorable, followed by an explanation of why the unfavorable evidence does not amount to substantial evidence, such as is necessary to inform both the appellee and the Court of the true nature of the appellant's arguments." *Aspen Landscaping, Inc. v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶¶ 28-29, 135 N.M. 607, 92 P.3d 53. In the present case, Father does not directly and properly attack the district court's factual findings, thus those findings constitute the operative facts in this Court. *See Baker v. Endeavor Servs., Inc.*, 2018-NMSC-035, ¶ 2, 428 P.3d 265 ("Unless findings are directly attacked, they are the facts in this [C]ourt, and a party claiming error on the part of the trial court must be able to point clearly to the alleged error." (internal quotation marks and citation omitted)). We address Father's complaints under the principles outlined above, presuming correctness where Father's arguments are incomplete and accepting the district court's findings as the facts on appeal. *See id.*; *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (explaining that we presume correctness in the district court's ruling and hold the appellant to the burden of affirmatively demonstrating the claimed error).

{6} Father complains that CYFD never provided him with a treatment plan in Spanish. [MIO 5] However, Father does not address the district court's findings that CYFD's social worker reviewed the case plan in Spanish with Father three or four times between August 2021 and April 2022 and also offered to mail a copy to Father, but he refused, stating that he did not have a mailing address. [3 RP 750 FOF 104, 111] "A party who has contributed, at least in part, to perceived shortcomings in a trial court's ruling should hardly be heard to complain about those shortcomings on appeal." *Cordova v. Taos Ski Valley, Inc.*, 1996-NMCA-009, ¶ 13, 121 N.M. 258, 910 P.2d 334.

{7} Father also complains that CYFD never provided him with any referrals to services in Dallas or Houston, Texas. [MIO 5] However, Father does not explain when he lived in these locations or when he was in contact with CYFD while in these locations. Also, Father does not address: the district court's finding that Father told CYFD he did not want services in Dallas because he was moving soon and never called CYFD; the finding that Father informed CYFD he moves frequently, would not maintain stable housing, and could not work with a provider continually; the finding that Father did not want to provide his address to CYFD because he was living in horse stables; or the finding that CYFD tried to contact Father every month by telephone and through Facebook without success. [3 RP 750-51 FOF 109, 110, 114] *See id.*

{8} Lastly, Father complains that CYFD did not provide virtual services or provide Father with contact information for child protective services in Texas. [MIO 5] However,

given that Father did not contact CYFD and CYFD could not contact Father by phone, by mail, or through Facebook, it seems that Father's own actions prevented CYFD from providing him virtual services or relevant contact information for services in Texas. There is also no indication that virtual services were available, or that Father ever requested virtual services and was able to make use of them. *See id.*; *cf. In re Estate of Heeter*, 1992-NMCA-032, ¶ 23, 113 N.M. 691, 831 P.2d 990 ("On appeal, error will not be corrected if it will not change the result."); *see also Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791 ("It is the duty of the appellant to provide a record adequate to review the issues on appeal.").

{9}     Father's response does not address any of the other relevant circumstances we described and considered in our proposed analysis of the reasonableness of CYFD's efforts. A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact; the repetition of earlier arguments does not fulfill this requirement. *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 (stating that it is "the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred"). For this reason and those provided above and in our notice, we are not persuaded that Father has demonstrated error.

{10}    We affirm the termination of his parental rights.

{11}    **IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KATHERINE A. WRAY, Judge**